PETER S. HECKER (Bar No. 66159)
ANNA S. McLEAN (Bar No. 14223)
JESSE P. SISGOLD (Bar No. 222403)
E-Mail: anna.mclean@hellerehrman.com
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: +1 (415) 772-6000
Facsimile: +1 (415) 772-6268

Attorneys for Defendants
WASHINGTON MUTUAL BANK and
MARK ST. PIERRE

ORIGINAL FILED
NOV 2 8 2007
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JCS

| | |
|---|---|
| NMSBPCSLDHB, a California limited partnership,<br><br>                         Plaintiff,<br><br>     v.<br><br>WASHINGTON MUTUAL BANK, a federal savings association; MARK ST. PIERRE, an individual; and DOES 1 THROUGH 10,<br><br>                         Defendants. | Case No.: CV 07 6020<br><br>NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441(b) (DIVERSITY OF CITIZENSHIP) |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that defendants Washington Mutual Bank ("WaMu") and Mark St. Pierre hereby remove the action described below to this Court. This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

In support of this Notice of Removal, defendants state as follows:

1. On or about November 7, 2007, plaintiff commenced an action for negligent misrepresentation against Mark St. Pierre and for breach of contract, breach of implied covenant, conversion and unjust enrichment against WaMu in the Superior Court of the State of California for the County of Santa Clara entitled *NMSBPCSLDHB v. Washington Mutual Bank, et al.*, Case No. 107 CV 098453. Defendants executed an acknowledgement of receipt for the summons and complaint – thereby effecting service – on November 19, 2007. (Copies of the summons, complaint, civil case cover sheet and acknowledgement of receipt are attached as Exhibit A.)

2. Pursuant to 28 U.S.C. § 1446(b), this removal is timely because it is accomplished within 30 days of the removing party being served with the initial pleading (*i.e.*, accomplished by December 19, 2007).

3. This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. It may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

4. Plaintiff NMSBPCSLDHB was at the time of the filing of this action and still is a California limited partnership with its principal place of business in California.

5. The Granum Family Trust is the general partner of defendant NMSBPCSLDHB and is located in California.

6. Robert M. Granum, II is the trustee of the Granum Family Trust and is otherwise authorized to transact business on behalf of the Granum Family Trust as general partner for NMSBPCSLDHB. Robert M. Granum, II is an individual and resident of California.

7. Defendant WaMu is a federal association duly organized under 12 U.S.C. § 1464, has its home office in Henderson, Nevada, and is for diversity purposes a citizen of Nevada.

8. Defendant Mark St. Pierre, an individual employee of WaMu in Stockton, California, has been *fraudulently joined* to this lawsuit and thus is ignored for diversity purposes. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (joinder of non-diverse defendant is deemed fraudulent, and defendant's presence in lawsuit is ignored for purposes of determining diversity, "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious . . ."). Plaintiff fails to state a cause of action against St. Pierre because, *inter alia*, the sole cause of action asserted against him—negligent misrepresentation—is barred on its face by the applicable statute of limitations.

9. Plaintiff alleges its principal, Granum, learned "in or about late September 2005" that prior representations allegedly made by St. Pierre were not included in the parties' written agreement, as interpreted by WaMu. Complaint ¶ 22. Plaintiff filed its action for negligent misrepresentation in November 2007—some 26 months after Granum discovered the alleged misrepresentation. As a result, the sole claim against St. Pierre is time-barred. *See* Cal. Civ. Proc. § 339; *E-Fab, Inc. v. Accountants, Inc. Servs.*, 153 Cal. App. 4th 1308, 1316 (2007) ("a cause of action for negligent misrepresentation . . . is subject to a two-year limitations period"); *Hydro-Mill Co., Inc. v. Hayward, Tilton and Rolapp Ins. Associates, Inc.*, 115 Cal. App. 4th 1145, 1155 (2004) (two-year statute of limitation applies, especially where information is conveyed in commercial setting for business purpose); *see also Ventura County Nat'l Bank v. Macker*, 49 Cal. App. 4th 1528, 1531 (1996) (same).

10. Consequently, complete diversity exists. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-1319 (9th Cir. 1998) (fraudulently joined defendants against whom plaintiff could not state cause of action due to statute of limitations are ignored for diversity purposes).

11. Plaintiff seeks, and thus the actual amount in controversy is, in excess of $75,000, exclusive of interest and costs. In its complaint, plaintiff seeks compensatory damages "in excess of $5 million." Complaint, ¶¶ 37, 44, 49. Accordingly, the amount in controversy requirement is also satisfied. See 20 U.S.C. § 1332(a).

Based on the foregoing, this case is properly removed and original jurisdiction vests in this Court pursuant to 28 U.S.C. § 1332.

Dated: November 28, 2007

HELLER EHRMAN LLP

By _____
ANNA S. McLEAN
Attorneys for Defendants
WASHINGTON MUTUAL BANK and
MARK ST. PIERRE

3
NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441(B) (DIVERSITY OF CITIZENSHIP)

**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WASHINGTON MUTUAL BANK, a federal savings association; MARK ST. PIERRE, an individual; and DOES 1 THROUGH 10,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
NMSBPCSLDHB, a California limited partnership



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
2007 -- 7 P 3: 50
[court stamp] COUNTY OF SANTA CLARA, CALIFORNIA
BY: A. Ilas, DEPUTY CLERK

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

CASE NUMBER: **107CV098453**

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
191 NORTH FIRST STREET
SAN JOSE, CA 95113-1090

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
(310) 284-3400
Jeffrey Huron
Huron Law Group
1875 Century Park East
Los Angeles

DATE: NOV 0 7 2007    Clerk, by _____ A. Ilas _____, Deputy
*(Fecha)*                *(Secretario)*                        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

1  Jeffrey Huron, State Bar No. 136585
   jhuron@huronlaw.com
2  HURON LAW GROUP
   1875 Century Park East, Suite 1000
3  Los Angeles, California 90067
   Telephone: 310.284.3400
4  Facsimile: 310.772.0037

5  Attorneys for NMSBPCSLDHB

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA

**107CV098453**

| | |
|---|---|
| NMSBPCSLDHB, a California limited partnership. <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON MUTUAL BANK, a federal savings association; MARK ST. PIERRE, an individual; and DOES 1 THROUGH 10, <br><br> Defendants. | CASE NO. <br><br> COMPLAINT FOR: <br> (1) NEGLIGENT MISREPRESENTATION; <br> (2) BREACH OF CONTRACT; <br> (3) BREACH OF IMPLIED COVENANT: <br> (4) CONVERSION; AND <br> (5) UNJUST ENRICHMENT |

Plaintiff NMSBPCSLDHB ("Plaintiff") alleges as follows:

1. Plaintiff is a California limited partnership organized and existing under the laws of the State of California, with its principal place of business in Santa Clara County, California. Robert M. Granum ("Granum") is the trustee of the Granum Family Trust – Plaintiff's general partner.

2. Defendant Washington Mutual Bank is a federal savings association organized and existing under the laws of the United States of America doing business in Santa Clara County, California.

3. Upon information and belief, defendant Mark St. Pierre ("St. Pierre") is a California resident living in Santa Clara County, California. St. Pierre is now, and at all times

COMPLAINT

relevant to this action was, a Vice President of Washington Mutual. In performing each of the acts set forth herein, St. Pierre was acting within the scope and course of his agency with Washington Mutual.

4. Plaintiff is ignorant of the true names of the defendants sued herein as Does 1 through 10, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff will amend this complaint when it has the true names and capacities of the Doe defendants. Plaintiff is informed and believes and on that basis alleges that each of the fictitiously named defendants was the agent, employee or co-conspirator of one or more of the named defendants, aided and assisted the named defendants in doing the wrongful acts alleged herein, ratified said acts and/or perpetrated such wrongful acts themselves, and that Plaintiff's damages as alleged herein were proximately caused by such defendants.

5. Plaintiff is informed and believes and on that basis alleges that at all times material hereto, each of the defendants were the agents or employees of the other defendants, acting within the course and scope of such agency or employment, and aided or assisted one or more of the other defendants in completing the wrongful acts alleged herein. Accordingly, each of the defendants is jointly and severally liable for the damages alleged herein.

6. Washington Mutual is responsible for the actions, policies, and practices of its agents and employees. At all relevant times, Washington Mutual was and continues to be responsible for assuring that the actions of its agents and employees comply with California law.

7. Each of the defendants knew of, approved, endorsed or otherwise ratified the wrongful acts of each of the other named defendants.

8. The Court has jurisdiction of the subject matter of Plaintiff's causes of actions pursuant to Article VI, Section 10 of the California Constitution.

9. Venue in this Court is proper because defendants do business and reside in the County of Santa Clara and their wrongful and unlawful conduct occurred in this judicial district.

///

///

## FACTS COMMON TO ALL ALLEGATIONS

10. In or about June 2001, Washington Mutual loaned Plaintiff the sum of $9 million evidenced by a written promissory note (the "Loan") and secured by a deed of trust on that certain real property located at 400 Race Street, San Jose, California (the "Property").

11. At the time of the Loan, Integrated Telecom Express, Inc. (the "Tenant") leased the Property from Plaintiff pursuant to a long-term written lease.

12. In or about October 2002, the Tenant filed for bankruptcy in an effort to discharge its approximately $26 million of lease obligations to Plaintiff. At the time of the bankruptcy, Tenant had $105 million in cash.

13. Plaintiff successfully contested the Tenant's bankruptcy filing and ability to discharge its lease obligations. See, NMSBPCSLDHB, L.P. v. Integrated Telecom Express, Inc. (In re Integrated Telecom Express, Inc. 384 F.3d 108 (3rd Cir. 2004).

14. In or about August or September 2004, Granum and St. Pierre discussed Plaintiff assigning its recovery against the Tenant to Washington Mutual as additional security for the Loan. The exact amount of Plaintiff's recovery against the Tenant was unknown at that time but ranged anywhere from $2.3 million to $25 million.

15. During the foregoing discussions, St. Pierre, individually and on behalf of Washington Mutual, orally assured, promised and represented to Granum that only a portion of the funds recovered from Tenant would held in Washington Mutual's deposit accounts and the remaining portion would be placed in other investments.

16. In reliance upon St. Pierre's assurances, promises and representations, Plaintiff agreed to sign that certain Additional Security Agreement (the "Agreement") in or about mid-November 2004. A true and correct copy of the Agreement is attached hereto and incorporated herein by this reference as Exhibit 1.

17. Consistent with St. Pierre's promise, the Agreement states: "Upon receipt of all or any part of the Award, [Washington Mutual] will place **a portion of the funds received** into [Washington Mutual's] certificates of deposit, to be held in [Plaintiff's name], in amounts and for terms as mutually agreed upon by [Washington Mutual] and [Plaintiff] [emphasis added].

-3-
COMPLAINT

18. In or about August 2005, the Tenant wire transferred $25 million – the amount awarded to Plaintiff – to Washington Mutual.

19. Because the amount received by Washington Mutual greatly exceeded the amount of the Loan for $9 million, in or about September 2005, St. Pierre referred Granum to Washington Mutual Financial Services, Inc. ("WMFS"), a related but separate entity, for the purpose of collaboratively agreeing upon investments into which a portion of the funds would be invested.

20. Granum and WMFS discussed and thereafter agreed upon certain investments for a portion of the funds. Granum did everything he was asked to do in order for WMFS to make the agreed upon investments, including completing and signing various documents.

21. WMFS then informed Granum that Washington Mutual would not transfer the funds needed to make the agreed upon investments.

22. In spite of his representations, and despite referring Granum to WMFS, in or about late September 2005, St. Pierre told Granum that the Agreement required that the entire $25 million remain in Washington Mutual deposit accounts and that none of it could be invested elsewhere.

23. Since its receipt of the $25 million in August 2005, Washington Mutual has controlled the entire sum, even though the outstanding balance on the Loan is approximately $8.4 and Washington Mutual is also the beneficiary of a first deed of trust encumbering the Property.

24. Washington Mutual directly benefits from forcing Plaintiff to keep all of the $25 million in its deposit accounts because, among other things, the money is considered part of its assets for regulatory and lending purposes.

25. Washington Mutual has no interest or claim to any portion of the $25 million in excess of the Loan balance of approximately $8.4 million, and thus holds such monies as a trustee for Plaintiff's benefit.

### FIRST CAUSE OF ACTION

### (Negligent Misrepresentation Against St. Pierre And Does 1 through 10)

26. Plaintiff incorporates the allegations of paragraph 1 through 25, above, as though

set forth in full herein.

27. St. Pierre made the assurances, promises and representations alleged in paragraph 15 above negligently with no reasonable basis for believing that Washington Mutual would agree to permit any of the $25 million to be invested anywhere other than its own deposit accounts.

28. St. Pierre's assurances, promises, and representations were important because Plaintiff's potential recovery greatly exceeded its indebtedness to Washington Mutual.

29. St. Pierre made such representations with the intent to induce Plaintiff to enter into the Agreement.

30. At all times material hereto, Plaintiff believed St. Pierre's representations. Plaintiff justifiably relied on St. Pierre's representations as alleged herein by entering into the Agreement.

31. If Plaintiff had known of the falsity of St. Pierre's representations, and lack of reasonable belief as to the truth of those representations, Plaintiff would not have entered into the Agreement.

32. As a proximate result of defendants' fraud and deceit, Plaintiff has suffered damages in an amount to be proven at trial in excess of $5 million.

## SECOND CAUSE OF ACTION

**(Breach of Contract Against Washington Mutual and Does 1 through 10)**

33. Plaintiff incorporates the allegations of paragraphs 1 through 25, above, as though set forth in full herein.

34. In or about November 2004, Plaintiff entered into the Agreement. By the terms of the Agreement, Washington Mutual agreed to place only "a portion" of Plaintiff's award in its deposit accounts.

35. Washington Mutual has breached the Agreement by exclusively controlling the entire amount of Plaintiff's award and placing the "entire" amount of Plaintiff's award in its deposit accounts.

36. Plaintiff has done all things that have been required to by done by it under the Agreement and is in no manner or respect in breach thereof.

37. As a direct result of Washington Mutual's contractual duties, Plaintiff has suffered

damages in an amount to be proven at trial in excess of $5 million.

### THIRD CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing Against Washington Mutual and Does 1 through 10)

38. Plaintiff incorporates the allegations of paragraphs 1 through 25, above, as though set forth in full herein.

39. In or about November 2004, Plaintiff entered into the Agreement.

40. Implied in the Agreement is a covenant of good faith and fair dealing that Washington Mutual will do nothing to deprive Plaintiff of the benefits of the Agreement.

41. The material benefit that Plaintiff was to receive under the Agreement was the ability to direct the investment of "a portion" of its award.

42. Beginning in or about August 2005, and continuing to the present, Washington Mutual breached the implied covenant of good faith and fair dealing by exclusively controlling Plaintiff's entire award of $25 million.

43. Plaintiff has performed all the terms and conditions required of it under the Agreement, except as such performance has been excused or rendered impossible by the acts or omissions of defendants as alleged herein.

44. As a direct result of Washington Mutual's contractual duties, Plaintiff has suffered damages in an amount to be proven at trial in excess of $5 million.

### FOURTH CAUSE OF ACTION

### (Conversion Against Washington Mutual and Does 1 through 10)

45. Plaintiff incorporates the allegations of paragraphs 1 through 25, above, as though set forth in full herein.

46. Plaintiff is the rightful owner of the $25 million award, and entitled to control, at a minimum, that portion which exceeds the amount of the Loan balance of approximately $8.4 less the value of Washington Mutual's security interest in the Property.

47. Washington Mutual has converted this specific property belonging to Plaintiff for its own use and benefit.

-6-
COMPLAINT

48. Washington Mutual has committed the foregoing acts without Plaintiff's consent.

49. As a proximate result of defendants' wrongful conduct, Plaintiff has suffered damages in an amount to be proven at trial in excess of $5 million.

50. The foregoing conduct of defendants was intended to cause injury to Plaintiff, subject it to cruel and unjust hardship in conscious disregard of its rights, and/or was designed to deprive it of property, legal rights or otherwise cause it injury. Such conduct therefore constitutes malice, oppression or fraud under California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount sufficient to deter and punish defendants.

## FIFTH CAUSE OF ACTION

### (Unjust Enrichment Against Washington Mutual and Does 1 through 10)

51. Plaintiff incorporates the allegations of paragraphs 1 through 25, above, as though set forth in full herein.

52. Plaintiff is the rightful owner of the $25 million award, and entitled to control, at a minimum, that portion which exceeds the amount of the Loan balance of approximately $8.4 less the value of Washington Mutual's security interest in the Property.

53. By placing the entire $25 million award in its deposit accounts, Washington Mutual has been unjustly enriched at Plaintiff's expense and detriment.

54. By reason of the foregoing, Washington Mutual has become and should be adjudged trustee for Plaintiff; and should be required to account for and deemed to be holding in trust for Plaintiff all profits Washington Mutual has received from the wrongful conversion of Plaintiff's specific funds.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief against defendants as follows:

1. For compensatory damages according to proof at trial;

2. An award of attorneys' fees, costs and other expenses of suit incurred herein according to proof;

///

3.    Such other and further relief as the Court deems just and proper under the circumstances.

DATED: November ___, 2007    HURON LAW GROUP

By: _____
JEFFREY HURON
Attorneys for NMSBPCSLDHB

-8-
COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number and address): | FOR COURT USE ONLY |
|---|---|
| Jeffrey Huron, SBN 136585<br>Huron law group<br>1875 Century Park East<br>Suite 1000<br>Los Angeles<br>TELEPHONE NO.: (310) 284-3400    FAX NO.: 310.772.0037<br>ATTORNEY FOR (Name): Plaintiff, NMSBPCSLDHB | ENDORSED<br>2007 — 7 P 3:58<br>A. Ilas<br>107CV098453 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 NORTH FIRST STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SAN JOSE 95113-1090
BRANCH NAME:

CASE NAME: NMSBPCSLDHB v. Washington Mutual Bank, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

Items 1-6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[X] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): FIVE (5)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 7, 2007

Jeffrey Huron, SBN 136585
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal Standards of Judicial Administration, std 3.10

FILED BY FAX

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Jeffrey Huron, Esq. SBN 136585<br>Huron law group<br>1875 Century Park East<br>Suite 1000<br>Los Angeles<br>TELEPHONE NO.: (310) 284-3400  FAX NO. (Optional): 310.772.0037<br>E-MAIL ADDRESS (Optional): jhuron@huronlaw.com<br>ATTORNEY FOR (Name): Plaintiff, NMSBPCSLDHB | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 NORTH FIRST STREET
MAILING ADDRESS: 191 NORTH FIRST STREET
CITY AND ZIP CODE: SAN JOSE 95113-1090
BRANCH NAME:

PLAINTIFF/PETITIONER: NMSBPCSLDHB

DEFENDANT/RESPONDENT: WASHINGTON MUTAL BANK, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>107CV098453 |
|---|---|

TO (insert name of party being served): WASHINGTON MUTUAL BANK

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: NOVEMBER 12, 2007

JEFFREY HURON, ESQ.
(TYPE OR PRINT NAME)
▶ (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1. [X] A copy of the summons and of the complaint.
2. [X] Other: (specify): CIVIL CASE COVER SHEET

(To be completed by recipient):
Date this form is signed: 11/19/07

ANN S. McLEAN, ESQ.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Legal Solutions Plus

Code of Civil Procedure,
§§ 415.30, 417.10

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar, and address):<br>Jeffrey Huron, Esq. SBN 136585<br>Huron law group<br>1875 Century Park East<br>Suite 1000<br>Los Angeles<br>TELEPHONE NO.: (310) 284-3400    FAX NO. (Optional): 310.772.0037<br>E-MAIL ADDRESS (Optional): jhuron@huronlaw.com<br>ATTORNEY FOR (Name): Plaintiff, NMSBPCSLDHB | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 NORTH FIRST STREET
MAILING ADDRESS: 191 NORTH FIRST STREET
CITY AND ZIP CODE: SAN JOSE 95113-1090
BRANCH NAME:

PLAINTIFF/PETITIONER: NMSBPCSLDHB

DEFENDANT/RESPONDENT: WASHINGTON MUTAL BANK, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>107CV098453 |
|---|---|

TO (insert name of party being served): ~~WASHINGTON MUTUAL BANK~~ Mark St. Pierre

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: NOVEMBER 12, 2007

JEFFREY HURON, ESQ.
(TYPE OR PRINT NAME)        ▶ [signature]
                (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. [X] A copy of the summons and of the complaint.
2. [X] Other: (specify): CIVIL CASE COVER SHEET

(To be completed by recipient):
Date this form is signed: 11/19/07

ANN S. McLEAN, ESQ.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ [signature]
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Legal Solutions Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |