1  PETER S. HECKER (Bar No. 66159)
   ANNA S. McLEAN (Bar No. 14223)
2  JESSE P. SISGOLD (Bar No. 222403)
   E-Mail: anna.mclean@hellerehrman.com
3  HELLER EHRMAN LLP
   333 Bush Street
4  San Francisco, CA  94104-2878
   Telephone: +1 (415) 772-6000
5  Facsimile: +1 (415) 772-6268

6  Attorneys for Defendants
   WASHINGTON MUTUAL BANK and
7  MARK ST. PIERRE

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                        SAN FRANCISCO DIVISION

12

| | |
|---|---|
| 13  NMSBPCSLDHB, a California limited partnership, | Case No.:  C 07 06020 PJH |
| 14                  Plaintiff, | **DEFENDANTS' MOTION TO DISMISS COMPLAINT; MEMORANDUM IN SUPPORT THEREOF** |
| 15       v. | |
| 16  WASHINGTON MUTUAL BANK, a federal savings association; MARK ST. PIERRE, an individual; and DOES 1 THROUGH 10, | Date: January 30, 2008<br>Time: 9:00 a.m.<br>Courtroom: 3 |
| 17 | |
| 18                  Defendants. | |
| 19 | |
| 20  WASHINGTON MUTUAL BANK, | Related to Case No.:  C 07 00280 PJH |
| 21                  Plaintiff, | |
| 22       v. | |
| 23  NMSBPCSLDHB, a California limited partnership; the Granum Family Trust, as General Partner of NMSBPCSLDHB; and Robert M. Granum, II, as trustee of the Granum Family Trust, | |
| 24 | |
| 25 | |
| 26 | |
| 27                  Defendants. | |
| 28 | |

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................ 2

II.  RELEVANT FACTS AND ALLEGATIONS ..................................................... 3

    A.   The WaMu Action .................................................................................... 3

    B.   The Instant Action .................................................................................... 4

III. ARGUMENT ....................................................................................................... 5

    A.   All Claims Against WaMu Should Be Dismissed As Omitted
        Compulsory Counterclaims To The WaMu Action ................................. 5

    B.   The Negligent Misrepresentation Claim Against St. Pierre
        Should Be Dismissed As Time-Barred ..................................................... 7

    C.   The Negligent Misrepresentation Claim Against St. Pierre
        Should Be Dismissed For The Additional Reason That
        Plaintiff Fails To Meet The Pleading Requirements of
        Rule 9(b) ................................................................................................... 8

IV.  CONCLUSION .................................................................................................. 10

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Adam v. Jacobs*
  950 F.2d 89 (2d Cir. 1991) ................................................................................................ 7

*Albrecht v. Lund*
  845 F.2d 193 ...................................................................................................................... 8

*Anderson v. Deloitte & Touche LLP*
  56 Cal. App. 4th 1468 (1997) ........................................................................................... 8

*Baker v. Southern Pacific Transp.*
  542 F.2d 1123 (9th Cir. 1976) .......................................................................................... 6

*Beazell v. Schrader*, 59 Cal. 2d 577 (1963) ........................................................................ 7

*Brillhart v. Excess Ins. Co. of America*
  316 U.S. 491 (1942) .......................................................................................................... 2

*Decker v. Glenfed, Inc.*
  42 F.3d 1541 (9th Cir. 1994) ............................................................................................ 9

*Desaigoudor v. Meyercord*
  223 F.3d 1020 (9th Cir. 2000) .......................................................................................... 9

*Dietz v. Comcast Corp.*
  2006 WL 3782902 (N.D. Cal. 2006) ................................................................................ 9

*E-Fab, Inc. v. Accountants, Inc. Servs.*
  153 Cal. App. 4th 1308 (2007) ......................................................................................... 8

*Faigman v. Cingular Wireless, LLC,*
  2007 WL 708554 (N.D. Cal. 2007) .................................................................................. 9

*Glen Holly Entm't, Inc. v. Tektronix, Inc.*
  100 F. Supp. 2d 1086 (C.D. Cal. 1999) ........................................................................... 9

*Hydranautics v. Filmtec Corp.*
  70 F.3d 533 (9th Cir. 1995) .............................................................................................. 5

*Hydro-Mill Co., Inc. v. Hayward, Tilton and Rolapp Ins. Associates*, Inc.
  115 Cal. App. 4th 1145 (2004) ......................................................................................... 8

*Jablon v. Dean Witter & Co.*
  614 F.2d 677 (9th Cir. 1980) ............................................................................................ 8

*Richardson v. Reliance Nat'l Indem. Co.*
  2000 WL 284211 (N.D. Cal. 2000) .................................................................................. 9

*Ritchey v. Upjohn Drug Co.*
   139 F.3d 1313 (9th Cir. 1998) ................................................................................ 3

*Schreiber v. Distributing Co. v. Serv-Well Furniture Co., Inc.*
   806 F.2d 1393 (9th Cir. 1986) ................................................................................ 7

*Seattle Totems Hockey Club, Inc. v. National Hockey League*
   652 F.2d 852 (9th Cir. 1981) .................................................................................. 6

*Sil-Flo, Inc. v. SFHC, Inc.*
   917 F.2d 1507 (10th Cir. 1990) .............................................................................. 6

*Southern Const. Co. v. Pickard*
   371 U.S. 57 (1962) .................................................................................................. 6

*Ventura County Nat'l Bank v. Macker*
   49 Cal. App. 4th 1528 (1996) ................................................................................. 8

**STATUTES**

California Code of Civil Procedure § 339 .................................................................. 8

California Civil Code § 1624 ....................................................................................... 7

**RULES**

   Federal Rules of Civil Procedure

   12(b)(6) ...................................................................................................................... 1

   13(a) .................................................................................................................*passim*

**LOCAL RULES**

   3-12(a) ................................................................................................................... 4, 5

iii

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on January 30, 2008, at 9:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Phyllis J. Hamilton of the United States District Court for the Northern District of California, located at Courtroom 3, 450 Golden Gate Avenue, San Francisco, California 94102, defendants Washington Mutual Bank ("WaMu") and Mark St. Pierre will and hereby do move for (1) an order under Federal Rules of Civil Procedure ("F.R.C.P.") 12(b)(6) and 13(a) dismissing all claims against WaMu on the ground that each claim constitutes an omitted (and therefore barred) compulsory counterclaim to *Washington Mutual Bank v. NMSBPCSLDHB, et al.*, C 07 0280 PJH (the "WaMu Action") and (2) an order under F.R.C.P. 12(b)(6) and 9(b) dismissing plaintiff's negligent misrepresentation claim against St. Pierre on the grounds that the claim is time-barred and deficiently pled.

This motion is based upon this notice of motion and motion, the accompanying memorandum of points and authorities, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the hearing.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This action is a prime example of improper and wasteful procedural fencing. Ten months prior to its filing by plaintiff NMSBPCSLDHB ("NMSB"), WaMu sought declaratory relief regarding the *same dispute* between the *same parties* over the scope of investments contemplated under the *same contract*, the Additional Security Agreement ("ASA"). Discovery in the WaMu Action is complete and WaMu's fully-briefed summary judgment motion is currently pending, per the schedule set at the Initial Case Management Conference in the WaMu Action. *See* Complaint in WaMu Action, filed January 16, 2007; Civil Minutes in WaMu Action, entered May 18, 2007.[1]

Concurrently with its opposition to WaMu's summary judgment motion, and apparently fearful that WaMu's motion would be granted, NMSB launched a counterattack. On the day the opposition was due, it filed this action in state court. The next day, it moved to dismiss or stay the WaMu Action under the "Brillhart" abstention doctrine. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942). In other words, notwithstanding the fact that it has (1) litigated these issues for ten months in the WaMu Action, and (2) agreed to a discovery cut-off and deadlines for the filing and hearing of dispositive motions in that case, NMSB now wants a "do over" in a fresh forum. This is impermissible. Under F.R.C.P. 13(a), NMSB's claims are compulsory counterclaims in the WaMu Action and thus were required to have been brought expeditiously and in the same forum where the matter originated to prevent waste of judicial resources. Failure to follow this procedure, as was the case here, warrants dismissal.

NMSB attempted to defeat diversity jurisdiction by also suing St. Pierre, an employee of WaMu, for negligent misrepresentation. As is plain on the face of the

---

[1] We cite to pleadings filed in the WaMu Action on the assumption that a formal request for judicial notice is unnecessary when referring to documents in the Court's own files in a related case. Defendants are happy to file a formal request for judicial notice if the Court deems it appropriate.

2

complaint, however, the claim is time-barred.[2] Moreover, the allegations fail to plead the crucial element of falsity: NMSB essentially pleads that *if* its interpretation of the contract is wrong and WaMu is not in breach, *then* an earlier, oral statement made by NMSB must have been fraudulent. But F.R.C.P. 9(b), which applies to a claim for negligent misrepresentation, requires much more than two conflicting statements made at different points in time. Dismissal should follow, without leave to amend.

## II.    RELEVANT FACTS AND ALLEGATIONS

### A.    The WaMu Action

On January 16, 2007, WaMu filed its complaint in this Court seeking a judicial declaration as to the parties' respective rights and obligations regarding the investment of Funds assigned by NMSB to WaMu as additional collateral pursuant to the ASA. *See* WaMu Complaint, ¶¶ 15-21, Prayer. Defendants in the WaMu Action filed their Answer and Affirmative Defenses on April 2, 2007, and a First Amended Answer on April 19, 2007.[3] Neither answer pled any counterclaims or sought any damages. Answer, filed April 2, 2007; First Amended Answer, filed April 19, 2007, in the WaMu Action. Then, in anticipation of the May 17 Case Management Conference in the WaMu Action, the parties conferred and submitted their JCMS. The Standing Order requires the parties to disclose any related cases, any anticipated motions, and "[s]uch other matters as may facilitate the just, speedy and inexpensive disposition of this matter." Standing Order for All Judges of the Northern District of California re Contents of Joint Case Management Statement, ¶¶ 4, 10, 20. NMSB never indicated before the Court or in the JCMS that it intended to file any claims against WaMu. *See* JCMS, filed May 10, 2007 in the WaMu Action.

---

[2] For this reason, St. Pierre, a California resident, was *fraudulently joined* to this lawsuit and is thus ignored for diversity purposes. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Removal was therefore proper. *See* Notice of Removal, filed November 28, 2007.

[3] Defendants in the WaMu Action are NMSB, the Granum Family Trust (general partner of NMSB) and Robert Granum II (trustee of the Granum Family Trust).

3
DEFENDANTS' MOTION TO DISMISS COMPLAINT; MEMORANDUM IN SUPPORT THEREOF—CASE NO. C 07 06020 PJH

At the CMC, the parties agreed to, and the Court entered, a pretrial schedule that set forth a discovery cut-off —September 28, a date by which dispositive motions were to be filed—October 24, and a date on which they were to be heard—November 28. *See* Civil Minutes, entered May 18, 2007 in the WaMu Action. The parties completed their discovery by the cut-off of September 28, and WaMu filed its currently pending summary judgment motion on October 24.

### B. The Instant Action

On November 7, 2007, NMSB filed the instant action in Santa Clara Superior Court, which defendants removed to this Court on November 28, 2007. On November 8, 2007, NMSB filed its motion to dismiss or stay the WaMu Action, which is set for hearing on December 19, 2007. *See* Motion to Dismiss/Stay, filed November 8, 2007 in the WaMu Action. NMSB stipulated that its action is "related" to the WaMu Action pursuant to Local Rule 3-12(a), as both cases involve "substantially the same parties, transactions or events . . . and assigning [both cases] to a single judge will conserve judicial resources, avoid conflicting results, and promote an efficient determination of these actions." *See* WaMu's Administrative Motion to Relate Cases & Joint Stip., filed November 30, 2007 in the WaMu Action. That motion was granted by the Court on December 5, 2007.

The crux of NMSB's complaint is that:

- St. Pierre, on behalf of WaMu, orally represented to Granum that only "a portion of the [F]unds would be held in WaMu's deposit accounts and the remaining portion would be placed in other investments." Complaint ¶ 15.

- As a result, the parties entered into the ASA in approximately November 2004— the ASA's "portion of" language allegedly reflecting St. Pierre's prior representation. *Id.* ¶ 17.

- St. Pierre later informed plaintiff in September 2005 that the ASA requires that the entire $25 million remain in WaMu "deposit accounts and that none of it could be invested elsewhere." *Id.* ¶ 22.

4

DEFENDANTS' MOTION TO DISMISS COMPLAINT; MEMORANDUM IN SUPPORT THEREOF—CASE NO. C 07 06020 PJH

- St. Pierre had "no reasonable basis" for believing WaMu would agree to a portion of the funds being invested anywhere than in its own deposit accounts. *Id.* ¶ 27.
- At the same time, by not allowing a "portion of" the Funds to be placed in various other investments, WaMu is in breach of the ASA. *Id.* ¶ ¶ 34-35.

As is evident, the allegations involve the same parties, same transaction and same contract interpretation questions that are and have been at issue in the WaMu Action for over 10 months. Moreover, as is plain from the face of the Complaint, NMSB allegedly learned of the alleged misrepresentations made by St. Pierre in September 2005—Complaint ¶ 22—some 26 months before it filed the claim for negligent misrepresentation. As we explain below, plaintiff's undue delay and forum-shopping tactics on the eve of summary judgment in the WaMu Action are fatal to its claims here.

## III. ARGUMENT

### A. All Claims Against WaMu Should Be Dismissed As Omitted Compulsory Counterclaims To The WaMu Action

A responding party *must* plead as a counterclaim any claim it has against the opposing party at the time of responding, if that claim "arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim." F.R.C.P. 13(a) (defining compulsory counterclaim). Whether a claim arises out of the same transaction or occurrence is determined by analyzing "whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Hydranautics v. Filmtec Corp.*, 70 F.3d 533, 536 (9th Cir. 1995). The analysis is simple here, as WaMu and NMSB agree—and the Court has ordered—that the instant action is "related" to the WaMu Action. That is, NMSB's later-filed claims involve "substantially the same parties, transactions or events" as the earlier-filed claims in the WaMu Action pursuant to Local Rule 3-12(a). Given that the claims against WaMu constitute what would be compulsory counterclaims in the WaMu Action, the question then becomes whether, at this late stage, NMSB may avoid Rule 13(a) and litigate these claims anew. The answer is "no."

5

1    Rule 13(a) is designed to "prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters. The Rule [is] particularly directed against one who fails to assert a counterclaim in one action and then institutes a second action in which that counterclaim becomes the basis of complaint." *Southern Const. Co. v. Pickard*, 371 U.S. 57, 60 (1962). Thus, if a party has a counterclaim that is compulsory and fails to plead it in response to the complaint, "it is lost, and cannot be asserted in a second, separate action." *Seattle Totems Hockey Club, Inc. v. National Hockey League*, 652 F.2d 852, 854 (9th Cir. 1981) (district court properly enjoined company that failed to assert compulsory counterclaim from prosecuting contract claim in another forum); *Baker v. Southern Pacific Transp.*, 542 F.2d 1123, 1126 (9th Cir. 1976) (Ninth Circuit adheres to rule that party who fails to plead compulsory counterclaim waives such claim and is precluded from bringing separate suit upon it).

Here, NMSB triggered the Rule 13(a) bar by filing multiple responsive pleadings in the WaMu Action without pleading any counterclaims. Nor did it disclose any intention to file such claims in the parties' JCMS. Indeed, not until discovery was complete and WaMu's summary judgment motion was pending, did NMSB decide to assert its compulsory counterclaims, albeit in the form of a separate action in a new forum. Nor can there be any argument that NMSB was unaware of the factual basis for its claims until recently, as it pleads that WaMu's alleged breach of contract began no later than September 2005. *See* Complaint ¶ ¶ 34-35. Plainly, NMSB's decision not to plead its counterclaims in the WaMu Action was tactical. *See Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990) (denial of motion for leave to file compulsory counterclaim proper where evidence supported failure to timely amend was not due to oversight, but rather tactical decision).

Such tactics directly contravene Rule 13(a)'s policy of preventing a multiplicity of actions—a policy with which NMSB agreed in stipulating that the two actions should be assigned "to a single judge [to] conserve judicial resources, avoid conflicting results, and promote an efficient determination of these actions." WaMu's Administrative Motion to

6

Relate Cases and Joint Stipulation, filed November 30, 2007 in the WaMu Action. Consequently, NMSB's claims should be dismissed. *See Adam v. Jacobs*, 950 F.2d 89, 93-94 (2d Cir. 1991) (once court becomes aware an action on its docket involves claim that should be compulsory counterclaim in another pending action, it should dismiss or stay its own proceedings; failure to do so may be abuse of discretion). The dismissal should be without leave to amend. *See Schreiber v. Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (leave to amend should be denied where alleging other facts consistent with complaint still would not cure defect).[4]

### B. The Negligent Misrepresentation Claim Against St. Pierre Should Be Dismissed As Time-Barred

NMSB asserts a claim for negligent misrepresentation against St. Pierre, an employee of WaMu involved in negotiating the ASA. The claim is barred on its face, however, by the applicable statute of limitations.

NMSB alleges the following timeline:

- August or September 2004—St. Pierre represented that a "portion [of the Funds] would be placed in other investments." Complaint ¶¶ 14-15.
- November 2004—the ASA was executed. *See id.* ¶ 16.
- Late September 2005—St. Pierre told NMSB that, "in spite of his [prior] representations," the ASA required that all Funds remain in WaMu deposit accounts and that "none of it could be invested elsewhere." *Id.* ¶ 22.

---

[4] NMSB's contract-based claims are based solely on alleged oral "assurances, promises and representations" regarding NMSB's purported ability to direct the investment of a "portion of" the funds into "alternative investments"—a material term inconsistent with the written terms of the ASA, which expressly refers only to WaMu's "certificates of deposit" and its "best available passbook account" as permitted investments. RJN, Ex. A (ASA ¶ 2). The ASA is subject to the statute of frauds because it is a contract not to be performed within one year. *Id.* (ASA ¶ 2(ii)). Dismissal is thus additionally justified under the statute of frauds, because NMSB's allegations of an oral contract term contrary to the written agreement are barred by the statute. *See* Cal. Civ. Code § 1624; *Beazell v. Schrader*, 59 Cal. 2d 577, 582 (1963) (affirming dismissal pursuant to statute of frauds of complaint alleging parol agreement inconsistent with written memorandum).

- November 2007—NMSB filed the instant action.

Thus, NMSB alleges that it learned of the alleged misrepresentation by September 2005, but did not file its claim for negligent misrepresentation until some 26 months later, in November 2007.

Under California law, NMSB filed its claim two months too late. *See* Cal. Civ. Proc. Code § 339; *E-Fab, Inc. v. Accountants, Inc. Servs.*, 153 Cal. App. 4th 1308, 1316 (2007) (cause of action for negligent misrepresentation is subject to two-year limitations period); *Hydro-Mill Co., Inc. v. Hayward, Tilton and Rolapp Ins. Associates*, *Inc.*, 115 Cal. App. 4th 1145, 1155 (2004) (two-year limitations period applies in claims where information is conveyed in commercial setting for business purpose, as opposed to where false information poses risk of and results in physical harm); *Ventura County Nat'l Bank v. Macker*, 49 Cal. App. 4th 1528, 1531 (1996) (negligent misrepresentation is "born of the union of negligence and fraud," but more closely resembles negligence; two year statute of limitations applies). Thus, the negligent misrepresentation claim against St. Pierre should be dismissed without leave to amend.[5]

### C. The Negligent Misrepresentation Claim Against St. Pierre Should Be Dismissed For The Additional Reason That Plaintiff Fails To Meet The Pleading Requirements of Rule 9(b)

The elements of negligent misrepresentation are: (a) misrepresentation of fact; (b) falsity of statement; (c) no reasonable ground for defendant to have believed statement was true; (d) justifiable reliance; and (e) resulting damage. *See Anderson v. Deloitte & Touche LLP*, 56 Cal. App. 4th 1468, 1476 (1997). Because negligent misrepresentation is generally considered a claim akin to fraud, Rule 9(b) requires plaintiff to meet a high "degree of

---

[5] *See, e.g., Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (where facts and dates alleged in complaint indicate claim is time-barred, motion to dismiss for failure to state a claim must lie); *Albrecht v. Lund,* 845 F.2d 193, 195-96 (where facts are not in dispute and issue is a matter of law then leave to amend is properly denied).

meticulousness" in pleading the elements to avoid dismissal.[6] *Desaigoudor v. Meyercord*, 223 F.3d 1020, 1022-23 (9th Cir. 2000); *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999) (applied to negligent misrepresentation); *Dietz v. Comcast Corp.*, 2006 WL 3782902 *6 (N.D. Cal. 2006) (same).

To comply with this heightened standard, NMSB must, *inter alia*, set forth "specific descriptions of the representations made, and *the reasons for their falsity*" at the time they were made. *Decker v. Glenfed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (emphasis in original). This rule precludes a plaintiff from simply pointing to a statement by a defendant, noting that the content of the statement "conflicts with the current state of facts," and concluding that "the charged statement must have been false" at the time it was made. *Id.*; *see also Richardson v. Reliance Nat'l Indem. Co.*, 2000 WL 284211 *5 (N.D. Cal. 2000) (dismissal granted where plaintiff pointed to a statement of defendant's intention, noted it was not carried out, and then concluded it must have been false).

Yet, this is just what NMSB has done here. It attempts to plead falsity by alleging nothing more than that St. Pierre allegedly made different statements at different points in time, prior to and after the execution of the ASA. *See* Complaint ¶¶ 15, 22, 27. This is plainly insufficient. *See Decker,* 42 F.3d at 1549 ("plaintiff must set forth, as part of the circumstances constituting fraud, an explanation as to why the disputed statement was untrue or misleading *when made*") (emphasis added). Plaintiff fails to plead falsity, let alone plead it with the particularity required by Rule 9(b). For this additional reason, the claim for negligent misrepresentation should be dismissed.

## IV.  CONCLUSION

For these reasons, WaMu and St. Pierre respectfully request that the Court dismiss all claims herein without leave to amend.

---

[6] In diversity cases, the substantive elements of a fraud claim are governed by state law; nonetheless, those elements must be pled with particularity, as required by Rule 9(b). *Faigman v. Cingular Wireless, LLC,* 2007 WL 708554 *3 (N.D. Cal. 2007).

| | |
|---|---|
| Dated:  December 5, 2007 | HELLER EHRMAN LLP |
| | By */s/ Anna S. McLean* |
| | ANNA S. McLEAN |
| | Attorneys for Defendants |
| | WASHINGTON MUTUAL BANK and |
| | MARK ST. PIERRE |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

i
DEFENDANTS' MOTION TO DISMISS COMPLAINT; MEMORANDUM IN SUPPORT THEREOF—CASE NO. C 07 6020 JCS