Gregory N. Dolton, State Bar No. 159451
Gregory N. Dolton, Attorney at Law
708 Blossom Hill Road, No. 208
Los Gatos, California 95032
Telephone: 408.399.7540
Fax: 408.399.7542

Jeffrey Huron, State Bar No. 136585
jhuron@huronlaw.com
Edward Kang, State Bar No. 237751
ekang@huronlaw.com
HURON LAW GROUP
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: 310.284.3400
Facsimile: 310.772.0037

Attorneys for Plaintiff NMSBPCSLDHB

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NMSBPCSLDHB, a California limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL BANK, a federal savings association; MARK ST. PIERRE, an individual; and DOES 1 THROUGH 10,<br><br>Defendants. | CASE NO. 3:07-cv-06020-PJH<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT AND FOR AWARD OF ATTORNEY FEES AND COSTS IN THE AMOUNT OF $24,000; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JEFFREY HURON, ESQ.**<br><br>Date:   February 27, 2008<br>Time:   9:00 a.m.<br>Crtrm:  3 |

NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT

**1**  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**2**  PLEASE TAKE NOTICE that on February 27, 2008 at 9:00 a.m., or as soon thereafter as

**3**  counsel may be heard, in the courtroom of the Honorable Phyllis J. Hamilton, Judge of the United

**4**  States District Court for the Northern District of California, located at 450 Golden Gate Avenue,

**5**  17th Floor, San Francisco, California 94102, plaintiff NMSBPCSLDHB ("NMSB" or "Plaintiff")

**6**  will and hereby does move this Court for an order remanding this action to the Superior Court of

**7**  the State of California for the County of Santa Clara based on lack of subject matter jurisdiction

**8**  and awarding Plaintiff its costs and attorney's fees incurred in bringing this Motion.

**9**  This Motion is made pursuant to 28 U.S.C. § 1447(c) and Federal Rule of Civil Procedure

**10**  12(h)(3) on the grounds that (a) diversity of citizenship is the **only** possible basis for subject

**11**  matter jurisdiction in this case which involves only state law claims; (b) defendants Washington

**12**  Mutual Bank ("WAMU") and Mark St. Pierre ("St. Pierre") (jointly, "Defendants") **improperly**

**13**  **removed** this action from the state court based on Defendants' erroneous assertions that Plaintiff's

**14**  negligent misrepresentation claim against St. Pierre, **a California resident**, is time-barred on its

**15**  face and therefore St. Pierre must be ignored for diversity purposes; and (c) even if the negligent

**16**  misrepresentation claim against St. Pierre is time-barred, Plaintiff has filed an amended complaint

**17**  that timely alleges a meritorious fraud claim against St. Pierre whose presence in this action as a

**18**  properly named defendant precludes subject matter jurisdiction based on diversity of citizenship.

**19**  This motion is based on this Notice of Motion, the attached Memorandum of Points and

**20**  Authorities, the attached Declaration of Jeffrey Huron, Esq., and exhibits thereto, and on any such

**21**  other and further evidence that may be presented at or before the hearing on this Motion.

**22**

**23**  DATED: December 28, 2007          HURON LAW GROUP

**24**

**25**                                    By:   /s/ *Jeffrey Huron*
**26**                                          JEFFREY HURON
                                               Attorneys for Plaintiff
**27**                                          NMSBPCSLDHB

**28**

-2-
NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

This action arises out of a dispute between plaintiff NMSBPCSLDHB ("NMSB") and defendant Washington Mutual Bank ("WAMU") over WAMU's investment of $25 million of NMSB's money into low interest deposit accounts over NMSB's strenuous objections and in breach of the parties' contract. Anticipating NMSB's filing of a lawsuit against it in state court, WAMU preemptively filed a declaratory relief action with this Court in early 2007 (Case No. C 07 0280 PJH) hoping to obtain a federal declaratory judgment that it could use to defend itself against NMSB's state law claims. After NMSB had filed the anticipated state action (which alleges only state law claims) and moved to stay or dismiss WAMU's federal declaratory judgment action in favor of that state action, Defendants removed the state action to this Court. As a consequence of Defendants' maneuvering, the Court denied NMSB's motion to stay or dismiss WAMU's federal declaratory judgment action because there was no longer a parallel action pending in the state court.

Removal of this action from the state court was improper. It is undisputed that there exists no federal question jurisdiction over NMSB's state law claims in this case. Defendants instead removed this case from the state court based **solely** on diversity jurisdiction, contending that Mark St. Pierre—a non-diverse defendant—had been fraudulently joined to this action and therefore could be ignored for diversity purposes because NMSB's negligent misrepresentation claim against St. Pierre is supposedly time-barred on its face. However, as shown below, NMSB's negligent misrepresentation claim against St. Pierre is **not** time-barred. Further, NMSB has filed an amended complaint which sufficiently alleges a timely fraud claim against St. Pierre as well.

Fraudulent joinder is an exceptionally stringent doctrine requiring **no possibility** that the plaintiff will be able to establish liability against the party in question. *Ritchie v. Upjohn Drug Co.*, 139 F. 3d 1313, 1318-19 (9th Cir. 1998). Defendants cannot satisfy this test because NMSB has alleged a cognizable claim against St. Pierre for not only negligent misrepresentation, but also for fraud. In short, St. Pierre cannot be ignored for diversity purposes, consequently there is no subject matter jurisdiction over this case, and therefore it should be remanded back to state court.

-3-
NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT

## II. PROCEDURAL BACKGROUND

WAMU filed a preemptive federal declaratory judgment action against NMSB, Granum Family Trust, and Robert M. Granum, II, on January 16, 2007 (the "Federal Action"). Declaration of Jeffrey Huron ("Huron Decl.") ¶ 2, Ex. A. On November 6, 2007, NMSB filed its anticipated state action against WAMU and one of its vice presidents, Mark St. Pierre, in the Superior Court for the State of California for the County of Santa Clara (the "State Action"). Huron Decl. ¶ 3, Ex. B. In its original complaint filed in the State Action, NMSB alleged claims against WAMU for breach of contract, breach of implied covenant, conversion and unjust enrichment, and against St. Pierre for negligent misrepresentation, all arising out of the same set of material operative facts involved in WAMU's federal declaratory judgment action. Id.

On November 8, 2007, NMSB filed a motion to dismiss or stay the Federal Action in favor of the State Action. Id., ¶ 4, Ex. C. In response, on November 28, 2007, Defendants filed a notice of removal of the State Action pursuant to 28 U.S.C. § 1441(b), claiming that diversity jurisdiction exists because NMSB failed to state a claim against St. Pierre that is not time-barred and therefore he was fraudulently joined to the lawsuit and can be ignored for diversity purposes. Id., ¶ 5, Ex. D. On December 21, 2007, this Court denied NMSB's motion to dismiss or stay the Federal Action on the ground that there was no longer a pending parallel state action. Id., ¶ 6, Ex. E. On December 27, 2007, NMSB filed a First Amended Complaint (the "FAC") in the removed State Action, adding a claim for fraud against St. Pierre. Id. ¶ 7, Ex. F.

As shown below, Defendants improperly used the fraudulent joinder doctrine to remove the State Action because NMSB's negligent misrepresentation claim against St. Pierre is **not** time-barred. Even if that were not the case, NMSB sufficiently and timely alleged a fraud claim against St. Pierre in its FAC which, by itself, precludes use of the fraudulent joinder doctrine for purposes of establishing diversity jurisdiction over the removed State Action. As there is no proper basis for this Court's exercise of subject matter jurisdiction over NMSB's claims against Defendants, NMSB now moves to remand the State Action back to the Santa Clara County Superior Court and for an award of its attorney fees and costs incurred as a result of Defendants' improper removal.

**III. THIS ACTION MUST BE REMANDED TO STATE COURT BECAUSE THERE EXISTS NO SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS.**

**A. It Is Undisputed That There Is No Federal Question Jurisdiction Nor Is There Complete Diversity of Citizenship Between The Parties In This Case.**

Federal district courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994); *Finley v. U.S.,* 490 U.S. 545 (1989). They may only adjudicate cases in which there is diversity of citizenship, a federal question, or in which the United States is a party. *Kokkonen*, 511 U.S. at 375. In keeping with this principle, the removal statute (28 U.S.C. § 1441, *et seq.*) is strictly construed against removal with **all doubt** being resolved in favor of remand to the state court. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992). In other words, the removing defendant faces a strong presumption against removal and bears the burden of establishing that removal was proper by a preponderance of evidence. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). If the federal court lacks subject matter jurisdiction, the action **must** be remanded to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded [emphasis added].").

Here, WAMU has failed to establish by a preponderance of the evidence that removal of this action was proper nor can it do so. WAMU has never asserted that this Court has federal question jurisdiction over this action for the simple and undeniable reason that this case does **not** present any federal or constitutional questions. Accordingly, the **only** basis for subject matter jurisdiction in this case is diversity of citizenship. However, WAMU does **not** dispute that NMSB is a California limited partnership organized and existing under the laws of California or that defendant St. Pierre is a California resident living in Santa Clara County, California. Accordingly, complete diversity does **not** exist here and the Court consequently does **not** have subject matter jurisdiction over this case. In short, this matter must be remanded. 28 U.S.C. § 1447(c).

**B. Defendants' Contention That St. Pierre Was Fraudulently Joined Lacks Merit**

Since Defendants cannot dispute that St. Pierre is a non-diverse defendant, they instead argue that St. Pierre must be ignored for diversity purposes because he was fraudulently joined to

this lawsuit. This is so, according to Defendants, because Plaintiff's negligent misrepresentation claim against St. Pierre is time-barred on its face given the inclusion of the phrase "in or about late September 2005" among the allegations in Paragraph 22 of NMSB's original complaint. *See* Huron Decl. ¶ 3, Ex. B (Complaint, ¶ 22). As explained below, however, Defendants are wrong.

Where fraudulent joinder is asserted, the applicable test is whether "the plaintiff fails to state a cause of action against a resident defendant, and the failure is **obvious** according to the settled rules of the state …" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (emphasis added) *quoting McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Moreover, the party alleging fraudulent joinder must show "that there is **absolutely no possibility** that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the Plaintiff's pleadings of jurisdictional facts." *Davis v. Prentiss Prop. Ltd.*, 66 F. Supp. 2d 1112, 1113 (9th Cir. 1999) (emphasis added); *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (same); *Macey v. Allstate Prop. & Gas Ins. Co.*, 220 F. Supp. 2d 1116, 1117-18 (N.D. Cal. 2002) (holding that the court must remand where there is a "non-fanciful possibility" that the Plaintiff can state a claim against the non-diverse defendants). In making this determination, all disputed questions of fact, all ambiguities in the controlling state law, and all ambiguous pleadings must be decided in favor of the **non-removing** party. *Plute,* 141 F. Supp. 2d at 1008; *Kruso v. International Telephone & Telegraph Corp.,* 872 F. 2d 1416, 1426 (9th Cir. 1989) (holding that party is deemed fraudulently joined if, after all disputed questions of fact and ambiguities in controlling state law are resolved in plaintiff's favor, plaintiff could not possibly recover against party whose joinder is questioned).

Once the foregoing test is applied here, it becomes readily apparent that Defendants cannot show that St. Pierre was fraudulently joined to this lawsuit. Paragraph 22 of NMSB's original complaint states in its entirety: "In spite of his [St. Pierre's] representations and despite referring Granum to WMFS, **in or about late September 2005**, St. Pierre told Granum that the Agreement required that the entire $25 million remain in Washington Mutual deposit accounts and that none of it could be invested elsewhere." Huron Decl. ¶ 3, Ex. B (¶ 22) (Emphasis added). Defendants erroneously interpret this factual allegation to mean that "[NMSB] alleges its principal, Granum,

learned 'in or about late September 2005' that prior representations allegedly made by St. Pierre were not included in the parties' written agreement, as interpreted by WaMu." Id., ¶ 5, Ex. D (Removal Notice ¶ 9).  By construing Paragraph 22 in this fashion, Defendants not only distort the plain language of Paragraph 22, but they also ignore the entire context in which the allegation was made.  In fact, the phrase "in or about late September 2005" as alleged in Paragraph 22 refers to the time period when St. Pierre referred Granum to WMFS, **not** to when Granum first learned of St. Pierre's misrepresentations.

A review of the three paragraphs immediately preceding Paragraph 22 confirms this fact.  Paragraphs 19-21 (along with Paragraph 22) of NMSB's original complaint read as follows:

> "19.   Because the amount received by Washington Mutual greatly exceeded the amount of the Loan for $9 million, **in or about September 2005**, St. Pierre referred Granum to Washington Mutual Financial Services, Inc. ("WMFS"), a related but separate entity, for the purpose of collaboratively agreeing upon investments into which a portion of the funds would be invested.
>
> 20.   Granum and WMFS discussed and thereafter agreed upon certain investments for a portion of the funds.  Granum did everything he was asked to do in order for WMFS to make the agreed upon investments, including completing and signing various documents.
>
> 21.   WMFS then informed Granum that Washington Mutual would not transfer the funds needed to make the agreed upon investments.
>
> 22.   In spite of his representations and despite referring Granum to WMFS, **in or about late September 2005**, St. Pierre told Granum that the Agreement required that the entire $25 million remain in Washington Mutual deposit accounts and that none of it could be invested elsewhere."

Huron Decl., ¶ 3, Ex. B (¶¶ 19-22) (Emphasis added).

The allegations in Paragraphs 19 through 21 quoted above make it clear that the reference to "in or about late September 2005" in Paragraph 22 is a nothing more than a declaratory statement reiterating the earlier allegation in Paragraph 19 that St. Pierre referred Granum to

1  WMFS in or about September 2005.  It is **not** an allegation, as Defendants wrongly contend, that
2  Granum learned of St. Pierre's misrepresentations at that time.
3        Defendants' misconstruction of Paragraph 22 also ignores fundamental rules of English
4  grammar.  Paragraph 22 is written with commas appearing directly before and directly after the
5  clause, "in or about late September 2005."  This clause, set apart by commas, necessarily modifies
6  the phrase immediately preceding it.  Paragraph 22 thus alleges that St. Pierre referred Granum to
7  WMFS in late September 2005—nothing more.  This exact grammatical proposition was recently
8  addressed in *Zogbi v. Federated Dept. Store*, 767 F. Supp. 1037 (C.D.Cal. 1991).  In *Zogbi*, *supra*,
9  the court evaluated the language of 28 U.S.C. § 1446(b) which provides in relevant part:

> "If the case stated by the initial pleading is not removable, a notice of removal
> may be filed within thirty days after receipt by the defendant, through service or
> otherwise, of a copy of an amended pleading, motion, order or other paper from
> which it may first be ascertained that the case is one which is or has become
> removable, **except that** a case may not be removed on the basis of jurisdiction
> conferred by section 1332 of this title more than 1 year after commencement of
> the action."  (Emphasis added).

15  The court concluded that "the 'except that ...' clause immediately follows a comma, indicating that
16  it modifies the **immediately preceding** clause."  *Id.,* at 1039 (emphasis added).  By the same
17  logic, Paragraph 22 of NMSB's original complaint cannot rightfully be construed to mean that
18  Granum learned in or about late September 2005 that prior representations made by St. Pierre were
19  not included in the parties' written agreement.  Rather, Paragraph 22 is properly interpreted as
20  merely reiterating that St. Pierre referred Granum to WMFS in September 2005.[1]
21        Even if one were to ignore the pertinent commas in Paragraph 22, this would result at most
22  in an ambiguous statement as to the time Granum learned about St. Pierre's misrepresentations.  In
23  that circumstance, WAMU would still be unable to reasonably assert that Plaintiff's negligent

---

[1] In its First Amended Complaint, NMSB clarified this point by revising the allegations of Paragraph 22 (now Paragraph 20) to read: "In spite of his representations, and despite referring Granum to WMFS in or about late September 2005, St. Pierre told Granum that the Agreement required that the entire $25 million remain in Washington Mutual deposit accounts and that none of it could be invested elsewhere."  Huron Decl. ¶ 7, Ex. F (FAC ¶ 20).

1  misrepresentation claim against St. Pierre is time-barred.  Under the Federal Rules of Civil
2  Procedure, pleadings are construed liberally in favor of the pleader.  *Jenkins v. McKeithen*, 395
3  U.S. 411, 421 (1969) (when the sufficiency of a complaint is challenged, all of its material
4  allegations are taken as true); *Gilligan v. Jamco Develop. Corp.*, 108 F. 3d 246, 249  (9th Cir.
5  1997) (Rule 8 contains "a powerful presumption against rejecting pleadings for failure to state a
6  claim.").  Moreover, as stated above, for purposes of fraudulent joinder, all ambiguous pleadings
7  must be decided in favor of the non-removing party.  Hence, even if the language in Paragraph 22
8  is deemed ambiguous, that ambiguity must be resolved **against** Defendants and removal, and the
9  State Action should be remanded.

        **C.     NMSB Has Sufficiently Pled A Timely Fraud Claim Against St. Pierre, A Non-Diverse Defendant, Thereby Destroying Diversity Jurisdiction.**

12  In its FAC, NMSB has pled with specificity each required element of a timely fraud claim
13  against St. Pierre.  Specifically, the FAC alleges that (1) in or about August or September 2004,
14  St. Pierre promised NMSB that WAMU would not control all of the funds recovered from Tenant
15  (Huron Decl., ¶ 7, Ex. F [FAC ¶¶ 12-13]); (2) St. Pierre promised NMSB that only a portion of the
16  funds recovered from Tenant would be held in WAMU's deposit accounts while the remaining
17  portion would be placed in other investments, (Id. [FAC ¶ 13]); (3) WAMU promised Granum
18  he would retain the right to direct how a portion of the funds would be invested (Id. [FAC ¶ 54]);
19  and (4) St. Pierre never intended to honor such promises (Id. [FAC ¶ 56]).  In short, as amended,
20  NMSB's complaint states a claim against a non-diverse defendant thereby destroying this Court's
21  diversity jurisdiction and requiring remand to the state court.  *Thornton v. New York Life Ins. Co.*,
22  211 F.R.D. 606, 610 (N.D. Cal. 2002).

24  **IV.     PLAINTIFF SHOULD BE AWARDED ITS COSTS AND ATTORNEY FEES.**
25  Pursuant to 28 U.S.C. § 1447(c), this Court "may require payment of just costs and any
26  actual expenses, including attorney fees, incurred as a result of the removal."  Here, Defendants'
27  **only** ground for removing this State Action was their claim that the non-diverse party, St. Pierre,
28  had to be ignored for diversity purposes because he was fraudulently joined to this lawsuit.  This

-9-
NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT

contention, in turn, was based on the premise that Plaintiff's negligent misrepresentation claim against St. Pierre is time-barred on its face. As shown above, however, this premise was clearly erroneous and there existed no legitimate basis for removing this action from the state court where it was filed. Moreover, as a consequence of Defendants' improper removal of this action from the state court, NMSB has incurred significant attorney fees and costs including, but not limited to, the attorney fees and costs spent bringing this Motion, filing its first and then a second motion to dismiss or stay the Federal Action, and seeking (in a forthcoming motion) to have this Motion and its second motion to dismiss or stay the Federal Action heard on shortened time. These attorney fees and costs would not have been incurred but for WAMU's frivolous removal of this action to this Court. Therefore, NMSB respectfully requests that it be awarded its attorney fees and costs incurred in responding to Defendants' improper removal of this action which are described in greater detail in the attached Declaration of Jeffrey Huron, Esq.

## V.  CONCLUSION

For all the above reasons, this Court does not have subject matter jurisdiction to hear this State Action, it was improperly removed by Defendants, and therefore the State Action should be remanded and NMSB awarded its requested attorney fees and costs.

DATED:  January 3, 2008              HURON LAW GROUP

                                     By: /s/ *Jeffrey Huron*
                                        JEFFREY HURON
                                        Attorneys for Plaintiff
                                        NMSBPCSLDHB

**DECLARATION OF JEFFREY HURON**

I, Jeffrey Huron, declare as follows:

1. I am an attorney at law duly licensed to practice law in the State of California and before all of its Courts. I am a partner in the law firm of the Huron Law group, attorneys of record herein for plaintiff NMSBPCSLDHB ("NMSB") in this action, and for defendants NMSB, Granum Family Trust, and Robert M. Granum, II in the federal declaratory judgment action filed against them by Washington Mutual Bank ("WAMU"). I have personal knowledge of the following facts and, if called on to do so, could and would competently testify thereto.

2. Attached as Exhibit A is a true and correct copy of the complaint for a declaratory judgment that WAMU filed in this Court on January 16, 2007 (the "Federal Action").

3. Attached as Exhibit B is a true and correct copy of a complaint that I caused to be filed on behalf of NMSBPCSLDHB on November 6, 2007, with the Superior Court of the State of California for the County of Santa Clara, Case No. 107CV098453 (the "State Action"). In its original complaint filed in the State Action, NMSB alleged claims against WAMU for breach of contract, breach of implied covenant, conversion and unjust enrichment, and against St. Pierre for negligent misrepresentation, all arising out of the same set of material operative facts involved in WAMU's federal declaratory judgment action.

4. On November 8, 2007, NMSB filed a motion to dismiss or stay the Federal Action in favor of the State Action. A true and correct copy of that motion is attached as Exhibit C.

5. In response, on November 28, 2007, defendants WAMU and Mark St. Pierre (together, "Defendants") filed a notice of removal of the State Action pursuant to 28 U.S.C. § 1441(b), claiming that diversity jurisdiction exists because NMSB failed to state a claim against St. Pierre that is not time-barred and thus he was fraudulently joined and can be ignored for diversity purposes. A true and correct copy of that removal notice is attached as Exhibit D.

6. On December 21, 2007, this Court denied NMSB's motion to dismiss or stay the Federal Action on the ground that there was no longer a pending parallel state action. A true and correct copy of the Court's December 21, 2007 order is attached as Exhibit E.

7. On December 27, 2007, NMSB filed a First Amended Complaint ("FAC") in the

1  removed State Action, adding a claim for fraud against St. Pierre.  A true and correct copy of the
2  FAC is attached as Exhibit F.
3        8.      As lead counsel representing NMSB in the both the State and Federal Actions, I am
4  the attorney responsible for reviewing the time spent by myself and the attorneys working with me
5  on those matters.  I reviewed the time records and invoices reflecting the fees and costs incurred
6  by NMSB in connection with Defendants' improper removal of the State Action.  Attorneys in my
7  firm spent no less than 38 hours preparing the first motion to dismiss or stay the Federal Action,
8  reviewing the opposition papers, preparing a reply brief and handling the hearing on such motion.
9  Attorneys in my firm then spent no less than 4 hours preparing the second motion to dismiss or
10 stay the Federal Action and no less than 19 hours preparing this Motion to remand.  The hourly
11 rate billed for those hours ranged from $275 (for work performed by junior associates) to $300 for
12 work performed by myself.  Consequently, to date, the attorneys' fees incurred by NMSB in
13 connection with Defendants' improper removal of the State Action is no less than $17,000.
14 Moreover, NMSB most likely will incur additional attorneys' fees associated with reviewing any
15 opposition filed to this Motion and to the second motion to dismiss or stay the Federal Action and
16 any case law cited in such oppositions, preparing appropriate reply briefs, and with preparing for
17 oral argument and appearing at the hearing on those motions.  Based on past experience, I
18 anticipate that such work will require at least an additional 20 hours of attorney time, and that
19 NMSB will thus incur approximately $6,000 in additional attorneys' fees in connection with
20 Defendants' improper removal of the State Action.  Finally, NMSB has incurred associated fees
21 and costs in the amount of at least $1,235.  Accordingly, the total fees incurred for filing this
22 Motion and the two motions to dismiss or stay the Federal Action are no less than $24,000.
23      I declare under penalty of perjury under the laws of the United States of America that the
24 foregoing is true and correct.  Executed this 3rd day of January 2008 in Los Angeles, California.

              /s/ *Jeffrey Huron*_____
                  Jeffrey Huron

-12-
NOTICE OF MOTION AND MOTION TO REMAND ACTION TO STATE COURT