Gregory N. Dolton, State Bar No. 159451
Gregory N. Dolton, Attorney at Law
708 Blossom Hill Road, No. 208
Los Gatos, California 95032
Telephone: 408.399.7540
Fax: 408.399.7542

Jeffrey Huron, State Bar No. 136585
jhuron@huronlaw.com
Bradley Kramer, State Bar No. 234351
bkramer@huronlaw.com
HURON LAW GROUP
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: 310.284.3400
Facsimile: 310.772.0037

Attorneys for Plaintiff NMSBPCSLDHB

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| NMSBPCSLDHB, a California limited partnership,<br><br>    Plaintiff,<br><br>    v.<br><br>WASHINGTON MUTUAL BANK, a federal savings association; MARK ST. PIERRE, an individual; and DOES 1 THROUGH 10,<br><br>    Defendants. | CASE NO. 07 CV 06020 PJH<br><br>The Honorable Phyllis J. Hamilton<br>Courtroom 3<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER SHORTENING TIME FOR HEARING PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT**<br><br>No Hearing Required [Civ. L.R. 6-3(d)] |

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that plaintiff NMSBPCSLDHB ("Plaintiff") hereby moves this Court, pursuant to Rule 6(d) of the Federal Rules of Civil Procedure and Rule 6-3 of the Civil Local Rules for the United States District Court for the Northern District of California, for an order shortening the time for hearing Plaintiff's motion to remand this action to state court (the "Motion to Remand"). Specifically, Plaintiff requests that the Court advance the hearing date on its Motion to Remand, currently set for February 27, 2008, to January 23, 2008, or any other date available on the Court's calendar **prior to** January 30, 2008, the hearing date on the motion for summary judgment ("MSJ") filed by Washington Mutual Bank in related case number 07 CV 00280 PJH (the "Declaratory Judgment Action").

No hearing is required on this motion. Civil L.R. 6-3(d).

This motion is made on the grounds that if the Motion to Remand is granted, then the Declaratory Judgment Action should be dismissed or stayed in favor of the remanded action under Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495, 62 S. Ct. 1173, 1175-76, 86 L. Ed. 1620 (1942); NMSBPCSLDHB and its co-defendants in the Declaratory Judgment Action (collectively, "NMSB") have filed a motion to dismiss such action on that basis; when a court's jurisdiction over an action is challenged, the court should refrain from making dispositive rulings in that action until after the jurisdictional issue is resolved; a ruling on the MSJ could impact the outcome of this case; and thus the Motion to Remand should be decided before the MSJ is heard. Further, NMSB will be prejudiced and considerable judicial resources wasted if, by denying this motion, the wrong forum makes dispositive rulings that impact the outcome of both this case and the Declaratory Judgment Action. On the other hand, all the parties will benefit from having the jurisdictional issues in both cases resolved before any dispositive rulings are made in either case.

This motion is further based on this Notice of Motion, the attached Memorandum of Points and Authorities, the accompanying Declaration of Bradley Kramer and exhibit thereto, the complete files and records in this action, and any further evidence or argument presented to the Court prior to its deciding this motion.

1. In a letter sent by email and by U.S. Mail on December 28, 2008, Plaintiff's counsel asked Defendants' counsel if she would stipulate to having the Motion to Remand heard prior to the January 30, 2008 hearing on the MSJ. Declaration of Bradley Kramer ("Kramer Decl.") ¶ 7, Ex. A. As of the filing of this motion, Defendants' counsel had not responded to that letter. Id. ¶ 7.

DATED: January 7, 2008                HURON LAW GROUP


                                       By:  /s/ *Bradley Kramer*
                                            BRADLEY KRAMER
                                            Attorneys for Plaintiff NMSBPCSLDHB

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

At issue in this motion is the proper order for hearing three interrelated motions. The first is a motion filed by plaintiff NMSBPCSLDHB ("Plaintiff") to remand this action back to state court (the "Motion to Remand"). The second is a motion filed in the related action, Case No. 07 CV 00280 PJH (the "Declaratory Judgment Action"), by NMSBPCSLDHB and its co-defendants (collectively, "NMSB") to dismiss or stay that action in favor of this parallel action once it has been remanded (the "Motion to Dismiss"). The third is a motion for summary judgment (the "MSJ") that was filed by Washington Mutual Bank ("WAMU") in the Declaratory Judgment Action. Although the Motion to Remand and then the Motion to Dismiss logically should be decided before the MSJ is heard because they challenge the Court's exercise of jurisdiction over this and the Declaratory Judgment Action, the first date available on the Court's (and moving counsel's) calendar for hearing those motions was February 27, 2008, *i.e.*, **after** the January 30, 2008 hearing date on the MSJ. Kramer Decl. ¶¶ 3-4. Accordingly, Plaintiff moves to shorten the time on its Motion to Remand, requesting that such motion be advanced to January 23, 2008, or any other date available on the Court's calendar **prior to** the January 30, 2008 hearing date on the MSJ.[1] As shown below, good cause exists for granting this motion.

**II.  THE MOTION TO REMAND SHOULD BE HEARD BEFORE THE MSJ**

Defendants WAMU and Mark St. Pierre ("St. Pierre") (together, "Defendants") removed this action from state court based on their contention that non-diverse defendant St. Pierre can be ignored for diversity purposes under the fraudulent joinder doctrine because Plaintiff's negligent misrepresentation claim against St. Pierre is purportedly time-barred on its face. However, on January 3, 2007, Plaintiff filed an amended complaint which clarifies that its claim for negligent misrepresentation is **not** time-barred and adds a timely fraud claim against St. Pierre and WAMU.

---

[1] Concurrently herewith, NMSB has filed in the Declaratory Judgment Action a motion to shorten the time for hearing its Motion to Dismiss or, alternatively, continuing the hearing on the MSJ until after the Motion to Remand and the Motion to Dismiss have been heard. Kramer Decl. ¶ 4.

1  Because Plaintiff sufficiently alleges two meritorious claims against a non-diverse defendant and it is undisputed that no federal question is here presented, subject matter jurisdiction over this action does **not exist**. Hence, Plaintiff filed its Motion to Remand on January 3, 2008. Kramer Decl. ¶ 3.

The Motion to Remand is currently set for hearing on February 27, 2008, given the following: that Civil Local Rule 7-2(a) requires that a hearing be set no less than 35 days after service of the motion, the Court hears motions only on Wednesdays, and the existing state of the Court's (and moving counsel's) calendar. Id. ¶ 3. The Motion to Dismiss filed by NMSB in the Declaratory Judgment Action likewise was set for hearing on February 27, 2008. Id. ¶ 4.

If the Motion to Remand is granted, then NMSB maintains that the Declaratory Judgment Action should be dismissed or stayed in favor of the remanded action under Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495, 62 S. Ct. 1173, 1175-76, 86 L. Ed. 1620 (1942). NMSB filed the Motion to Dismiss on this basis. Kramer Decl. ¶ 4. When a party objects to a court's exercise of discretionary jurisdiction, the court should resolve that issue **before** ruling on any merits issues. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95, 118 S. Ct. 1003, 1012, 140 L. Ed. 2d 210 (1998) (reiterating the importance of first determining jurisdictional issues prior to addressing the merits of a case); U.S. ex rel Huangyan Import & Export Corp. v. Nature's Farm Products, Inc., 370 F.Supp.2d 993, 996 (N.D.Cal. 2005) (court must first consider its own subject matter jurisdiction before proceeding in any cause); A.G. Edwards & Sons, Inc. v. Public Building Commission, 921 F. 2d 118, 120 (7th Cir. 1990) (observing in abstention case that "[i]t is true that a federal court must at the outset determine whether jurisdiction exists before proceeding to the merits."). To act otherwise could result in the wrong forum making dispositive rulings which, in turn, are subject to reversal on appeal thereby wasting considerable judicial resources. Therefore, the MSJ should not be heard until after the Motion to Dismiss has been decided, and the outcome of the Motion to Dismiss depends entirely on the outcome of the Motion to Remand. In short, of the three interrelated motions, it is imperative that the Motion to Remand be heard first.

Moreover, a dispositive ruling on the MSJ will necessarily impact on the outcome of this action as well because both this and the Declaratory Judgment Action arise out of the same set of

1  material operative facts.  Indeed, as shown in the Motion to Dismiss, WAMU filed the Declaratory
2  Judgment Action in anticipation of being sued by Plaintiff in state court for breach of contract and
3  related claims arising out of its refusal to comply with the parties' contract regarding how to invest
4  $25 million of Plaintiff's money.  By way of the Declaratory Judgment Action, WAMU seeks a
5  judicial declaration from this Court that it can use to defend itself against Plaintiff's state law
6  claims (a declaration WAMU could have sought just as easily from the state court).  Whereas
7  NMSB contends in its Motion to Dismiss that the Court should **abstain** under Brillhart, supra,
8  from exercising its jurisdiction in the Declaratory Judgment Action, Plaintiff's Motion to Remand
9  in this case is based on the Court's actual **lack of** subject jurisdiction over this action.  In other
10 words, the posture of this action presents an even more compelling case for hearing the Motion to
11 Remand before any dispositive ruling on the MSJ is made.

12      Further, NMSB will be prejudiced and considerable judicial resources could be wasted if
13 the SJM is decided before the Motion for Remand and Motion to Dismiss are heard.  NMSB will
14 be denied its choice of forum for resolving the parties' dispute (i.e., the state court), and the wrong
15 forum could end up making dispositive rulings that impact the outcome of both the Declaratory
16 Judgment Action and this action.  On the other hand, Defendants will not be prejudiced if this
17 motion is granted.  To the contrary, all the parties and the judiciary will benefit from having the
18 jurisdictional issues in both cases resolved before any dispositive rulings are made in either case
19 because doing so will ensure that dispositive rulings are made by the proper forum.

20 **III.    CONCLUSION**

21      For the above reasons, the hearing on Plaintiff's Motion to Remand should be advanced to
22 January 23, 2008, or any other date available on the Court's calendar prior to January 30, 2008.

24 DATED: January 7, 2008              HURON LAW GROUP

26                          By:  */s/ Bradley Kramer*
27                               BRADLEY KRAMER
                                 Attorneys for Plaintiff
28                               NMSBPCSLDHB

-6-
MOTION FOR ORDER SHORTENING TIME FOR HEARING PLAINTIFF'S MOTION TO REMAND