Gregory N. Dolton, State Bar No. 159451
Gregory N. Dolton, Attorney at Law
708 Blossom Hill Road, No. 208
Los Gatos, California 95032
Telephone: 408.399.7540
Fax: 408.399.7542

Jeffrey Huron, State Bar No. 136585
jhuron@huronlaw.com
Bradley Kramer, State Bar No. 234351
bkramer@huronlaw.com
HURON LAW GROUP
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: 310.284.3400
Facsimile: 310.772.0037

Attorneys for Plaintiff NMSBPCSLDHB

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| NMSBPCSLDHB, a California limited partnership,<br><br>    Plaintiff,<br><br>    v.<br><br>WASHINGTON MUTUAL BANK, a federal savings association; MARK ST. PIERRE, an individual; and DOES 1 THROUGH 10,<br><br>    Defendants. | CASE NO. 07 CV 06020 PJH<br><br>The Honorable Phyllis J. Hamilton<br>Courtroom 3<br><br>**DECLARATION OF BRADLEY KRAMER IN SUPPORT OF MOTION FOR ORDER SHORTENING TIME FOR HEARING PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT**<br><br>**No Hearing Required  [Civ. L.R. 6-3(d)]** |

## DECLARATION OF BRADLEY KRAMER

I, Bradley Kramer, declare as follows:

1. I am an attorney licensed to practice law under the laws of the State of California and an associate with the Huron law group, attorneys of record for plaintiff NMSBPCSLDHB ("Plaintiff"). I submit this declaration in support of Plaintiff's Motion for Order Shortening Time for Hearing Plaintiff's Motion to Remand Action to State Court. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify to such facts.

### Reason for Request to Shorten Time

2. On November 28, 2007, defendants Washington Mutual Bank ("WAMU") and Mark St. Pierre ("St. Pierre") (together, "Defendants") removed this action from the state court where it was pending pursuant to 28 U.S.C. § 1441(b) claiming that, although St. Pierre is a non-diverse defendant, he must be ignored for diversity purposes under the fraudulent joinder doctrine because Plaintiff's negligent misrepresentation claim against St. Pierre is purportedly time-barred on its face. This action was assigned to the Honorable Phyllis J. Hamilton because it arises out of the same set of material operative facts as those involved in a federal declaratory judgment action already pending before Judge Hamilton that was filed by WAMU against NMSBPCSLDHB, the Granum Family Trust, and Robert M. Granum, II (collectively, "NMSB"), Case No. 07 CV 00280 PJH (the "Declaratory Judgment Action").

3. On January 3, 2008, Plaintiff filed a First Amended Complaint in this action which clarified that the negligent misrepresentation claim against St. Pierre is **not** time-barred and added a claim for fraud and deceit against both Defendants. Since Plaintiff timely alleges two meritorious claims against a non-diverse defendant and it is undisputed that there are no federal questions presented in this case, Plaintiff filed a motion to remand this action back to state court on January 3, 2008, based on lack of subject matter jurisdiction (the "Motion to Remand"). Given the requirement in Civil Local Rule 7-2(a) that hearings be set on a date not less than 35 days after service of the motion, that the Court only hears motions on Wednesdays, and the existing state of the Court's (and moving counsel's) calendar, the earliest date Plaintiff could set the hearing on the

-2-
DECLARATION OF BRADLEY KRAMER IN SUPPORT OF MOTION TO SHORTEN TIME

1  Motion to Remand was February 27, 2007.

2      4.    In anticipation of this action being remanded back to state court, on December 28, 2007, NMSB filed a motion to dismiss or stay the Declaratory Judgment Action in favor of this one (the "Motion to Dismiss'). The Motion to Dismiss is likewise set for hearing on February 27, 2008. However, WAMU had previously filed a motion for summary judgment (the "MSJ") in the Declaratory Judgment Action that is currently set for hearing on **January 30, 2008**, i.e., prior to the hearings on the Motion to Remand and the Motion to Dismiss.

    5.    If the Motion to Remand is granted, then the Motion to Dismiss likewise should be granted under Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495, 62 S. Ct. 1173, 1175-76, 86 L. Ed. 1620 (1942). Since NMSB would be entitled to have the Declaratory Judgment Action dismissed or stayed in favor of this action once it is remanded back to state court, then it makes no logical or equitable sense for the Court to hear the Motion to Remand after the MSJ has already been decided. Indeed, it is well established that federal courts generally should resolve jurisdictional issues before ruling on the merits of an action. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95, 118 S. Ct. 1003, 1012, 140 L. Ed. 2d 210 (1998).

**Substantial Harm or Prejudice to be Suffered**

    6.    Substantial harm and prejudice to NMSB will occur if the Motion to Remand is not heard prior to the hearing on the MSJ in the Declaratory Judgment Action. By way of the Declaratory Judgment Action, WAMU seeks a judicial declaration that it can use to defend itself against Plaintiff's state law claims against it. That is the only purpose of such action. As noted above, if NMSB is entitled to have the Declaratory Judgment Action dismissed or stayed in favor of this action once it has been remanded to state court, then it is the **state court** that should be determining the merits of WAMU's defenses to Plaintiff's claims against it. However, Plaintiff will be unfairly denied its choice of forum if the Court rules on WAMU's MSJ in the Declaratory Judgment Action before ruling on the Motion to Remand and Motion to Dismiss. This would be particularly unfair given that, as explained in the Motion to Remand, Defendants improperly removed this action from the state court in the first place.

**Efforts Made To Obtain Stipulation**

7.  On December 28, 2007, I sent a letter via email and regular mail to Anna S. McLean, counsel for Defendants, requesting that Defendants stipulate to the hearing of Plaintiff's Motion to Remand (as well as the hearing of NMSB's motion to dismiss or stay related case number 07 CV 00280 PJH) prior to the hearing on the MSJ. A true and correct copy of that letter is attached hereto as Exhibit A. As of the date I signed this declaration, Ms. McLean has not responded to my December 28th letter nor in any other way expressed her desire to stipulate to the requested hearing date changes.

**Underlying Dispute and Compliance with Civil Local Rule 37-1(a)**

8.  The underlying dispute to be addressed by the Motion to Remand is whether this court lacks subject matter jurisdiction over this action, in which case it should be remanded back to state court, because it undisputed that federal question jurisdiction does not exist and because complete diversity of citizenship between the parties is lacking. Plaintiff's position is that it has alleged meritorious claims against defendant Mark St. Pierre, a non-diverse defendant, thereby destroying diversity jurisidiction. As Plaintiff understands it, Defendants' position is that non-diverse defendant Mark St. Pierre can be ignored for diversity purposes under the fraudulent joinder doctrine thereby allowing the Court to exercise diversity jurisdiction over this action and, consequently, the case should not be remanded to state court.

9.  Civil Local Rule 37-1(a) is not applicable here because the Motion to Remand does not involve a request to resolve a disclosure or discovery dispute.

**Prior Time Modifications**

10. There have been no other time modifications requested or made in this action.

**Effect of Requested Time Modification on Schedule for Case**

11. The only effect that the requested time modification will have on this case is that the Motion to Remand will be heard earlier and a shortened briefing schedule may be required depending on the new hearing date chosen. Trial has not been set in this case, nor are there any other motions or matters on calendar in this case that would be impacted by granting Plaintiff's

1  request to shorten the time for hearing its Motion to Remand.

2  　　I declare under penalty of perjury under the laws of the State of California that the
3  foregoing is true and correct.  Executed January 7, 2008, at Los Angeles, California.

4

5  　　　　　　　　　　　　　　　　　　　　/s/ *Bradley Kramer*
   　　　　　　　　　　　　　　　　　　　　Bradley Kramer
6

Huron law group

-5-
DECLARATION OF BRADLEY KRAMER IN SUPPORT OF MOTION TO SHORTEN TIME