

# Huron law group
*Your success is our business!*™

December 28, 2007

Bradley Kramer
bkramer@huronlaw.com
File No. 2346.017

**Via Email & First Class Mail**

Anna S. McLean, Esq.
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104-2878

        Re:     <u>Washington Mutual / NMSBPCSLDHB; Case No. 3:07-cv-00280-PJH</u>

Dear Ms. McLean:

      On December 27, 2007, on behalf of NMSBPCSLDHB ("NMSB"), I filed a First Amended Complaint ("FAC") in the above-referenced matter. The FAC is virtually identical to the original complaint ("Complaint") except for the following modifications: (1) the addition of a sixth cause of action for fraud and deceit against Washington Mutual Bank and Mark St. Pierre, and (2) clarification of any potential ambiguity in Paragraph 22 of the Complaint (Paragraph 20 of the FAC), by removal of the comma immediately following the clause "despite referring Granum to WMFS."

      With the FAC filed, NMSB now has two colorable claims (for negligent misrepresentation and fraud/deceit) against non-diverse defendant Mark St. Pierre. Accordingly, your assertion that Mr. St. Pierre has been fraudulently joined to this action, and that he may be ignored for purposes of diversity is not proper. See *Keating v. Jefferson Pilot Financial Ins. Co.*, 2007 WL 951825 (Slip Copy) (N.D. Cal. 2007), citing *Ritchie v. Upjohn Drug Co.*, 139 F. 3d 1313, 1318-19 (9th Cir. 1998) (fraudulent joinder requires that there be <u>no possibility</u> that the plaintiff will be able to establish liability against the party in question); *Davis v. Prentiss Prop. Ltd.*, 66 F. Supp. 2d 1112, 1113 (9th Cir. 1999) (the party alleging fraudulent joinder must show "that there is <u>absolutely no possibility</u> that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the Plaintiff's pleadings of jurisdictional facts."). Because there is additionally no federal question presented here, the Northern District Court does not have subject matter jurisdiction over this dispute, and in fact *must* remand this action to state court. See 28 U.S.C. §1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

1875 Century Park East, Suite 1000, Los Angeles, California 90067 • 310.284.3400 • Fax 310.772.0037

www.huronlaw.com

# Huron law group

Anna S. McLean, Esq.
December 28, 2007
Page 2

      For the foregoing reasons, we will today be filing a motion to remand this action to the Superior Court for the County of Santa Clara. Given the exceptionally strict standard for establishing fraudulent joinder, as well as the new allegations of fraud and deceit against Mr. St. Pierre, we urge you to stipulate to our request for remand. By doing so, both parties will be able to avoid expensive and, in our opinion, unnecessary motion practice. If you are willing to so stipulate, or if you wish to discuss the matter further, please let me know. Thanks so much.

                                          Very truly yours,

                                          Bradley Kramer, Esq.

cc: Gregory N. Dolton, Esq. (via email)