PETER S. HECKER (Bar No. 66159)
ANNA S. McLEAN (Bar No. 14223)
JESSE SISGOLD (Bar No. 222403)
E-Mail: anna.mclean@hellerehrman.com
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: +1 (415) 772-6000
Facsimile: +1 (415) 772-6268

Attorneys for Defendants
WASHINGTON MUTUAL BANK
and MARK ST. PIERRE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NMSBPCSLDHB, a California limited partnership,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON MUTUAL BANK, a federal savings association; MARK ST. PIERRE, an individual; and DOES 1 THROUGH 10,<br><br>　　　　　　　　　　Defendants. | Case No.: C 07 06020 PJH<br><br>**DEFENDANTS' OPPOSITION TO ADMINISTRATIVE MOTION TO CHANGE TIME FOR HEARING ON MOTION TO REMAND** |
| WASHINGTON MUTUAL BANK,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>NMSBPCSLDHB, a California limited partnership; the Granum Family Trust, as General Partners of NMSBPCSLDHB; and Robert M. Granum, II, as Trustee of the Granum Family Trust,<br><br>　　　　　　　　　　Defendants. | Case No.: C 07 00280 PJH |

Pursuant to Local Rule 6-3(C), plaintiff Washington Mutual Bank ("WaMu") opposes plaintiff's Administrative Motion For Order Shortening Time For Hearing On Defendants' Motion To Remand ("Administrative Motion"), as follows:

## I. INTRODUCTION

This motion is the latest in a series of blatantly improper efforts by NMSBPCSLDHB, the Granum Family Trust, and Robert M. Granum II (referred to collectively in both related actions as "defendants" for ease of reference) to forestall a ruling on WaMu's summary judgment motion—a motion that has been fully briefed and ripe for decision since November—and which defendants agreed, and the Court ordered at the Initial Case Management Conference in the related action, would be heard on November 28, 2007. Defendants have already once obtained a continuance of the November 28 hearing date to bring a motion to stay or dismiss under *Brillhart*. That *Brillhart* motion was *denied*. Now defendants seek *another* continuance (or order shortening time) to bring a *second Brillhart* motion, as well as a motion to remand. The request is both substantively and procedurally improper, and should be denied.

## II. ARGUMENT

### A. Defendants' Administrative Motion Ignores The Court's Earlier Rulings.

In denying defendants' earlier *Brillhart* motion, the Court held:

- There is no longer any pending state court action due to the removal of the related NMSBPCSLDHB ("NMSB") action, and defendants' suggestion that they *might* be able to amend their complaint to assert a viable claim against WaMu's employee, Mark St. Pierre, and that they then *might* be able to seek remand is entirely speculative. Order Denying Motion to Dismiss Or In the Alternative, To Stay, filed December 21, 2007 ("Order"), at 1:21-2:6.

- The parties have been diligently prosecuting the instant action, and dispositive motion briefing is complete. Defendants' motion therefore seeks dismissal of an action ready for consideration on the merits, "based on no more than their promise that future parallel state court proceedings are forthcoming, which *might* properly avoid federal subject matter jurisdiction." Order, at 2:6-10.

- It is unclear that abstention would avoid needless consideration of state law issues, because the related action involves claims for which there is a proper basis for diversity which the Court is required to consider. Order, at 2:16-19.

1

DEFENDANTS' OPPOSITION TO ADMINISTRATIVE MOTION TO CHANGE TIME FOR HEARING ON MOTION TO REMAND – C 07 06020 PJH

- Defendants' conduct in bringing the related action more than 10 months after this case was filed is "worthy of suspicion" with regard to forum shopping; by contrast, the Court finds "no basis to conclude" that plaintiff engaged in forum shopping in filing this action. Order, at 2:19-23.

- The Court would not avoid duplicative litigation in abstaining from the present case, because the cases are currently both in federal court, related, and therefore "the court is in a position to consolidate and/or streamline the litigation of both." Order, at 2:23-26.

*None of these circumstances has changed since the Court's December 21 Order.* Instead, defendants have flatly ignored the Order and the Court's directives at the December 19, 2007 hearing that: (1) it did not "want to hear three or four other motions so that you can get the posture of the case such that there is a parallel action," and (2) it would hear and rule upon the summary judgment motion first, because "that is most likely to give me some finality here." *See* Declaration of Anna S. McLean ("McLean Decl.") filed herewith, Ex. A (Transcript, at 21).

Flouting the Court's wishes, defendants have now filed: (1) an unauthorized First Amended Complaint, without seeking leave to amend, and (2) no less than *four* additional motions—a second *Brillhart* motion, a motion to remand, and two administrative motions seeking, once again, to have their motions heard first. This conduct is contrary to the Court's directives, ignores established law, and appears to be undertaken for the improper purpose of seeking further delay.

**B.  Defendants' Unauthorized First Amended Complaint Should Be Stricken.**

The entire basis for both the motion to remand and the second *Brillhart* motion is the filing, on January 3, 2008, of a First Amended Complaint herein, in which defendants purport: (1) to allege a fraud claim against Mark St. Pierre, thus destroying diversity, and (2) to *remove a comma* from the allegation that defendant Granum became aware of St. Pierre's supposed misrepresentation in "late September 2005"—which defendants contend "clarifies" the meaning and supposedly avoids the critical admission establishing that the

2
DEFENDANTS' OPPOSITION TO ADMINISTRATIVE MOTION TO CHANGE TIME FOR HEARING ON MOTION TO REMAND – C 07 06020 PJH

negligent misrepresentation claim is time-barred.[1]  But defendants *failed to seek leave to amend*, even though defense counsel acknowledged the necessity of a motion at the December 19 hearing and the Court likewise did so in its Order.  *See* Order, at 2; McLean Decl., Ex. A (Transcript, at 16:15-16).  Accordingly, WaMu intends to file a motion to strike the First Amended Complaint, so that the Court may properly consider whether leave to amend ought to be permitted under the circumstances here.

The law is clear that a motion to amend is required notwithstanding that defendants filed their First Amended Complaint before WaMu's responsive pleading.  28 U.S.C. § 1447(e) (When proposed amendment would join a party who would destroy subject matter jurisdiction, the court "may deny joinder, or permit joinder and remand the action to state court"); *Lyster v. First Nationwide Bank Fin. Corp.*, 829 F. Supp. 1163, 1164-64 (N.D. Cal. 1993) (Rule 15(a) does not permit unilateral amendment destroying diversity after case has been removed from state court); *Peralta Community College Dist. v. United National Ins. Co.,* 2004 WL 2254621*1 (N.D. Cal. 2004) (same).

Whether to permit such an amendment is discretionary, based on several factors, including:  (1) whether the party is necessary or indispensable under Rule 19; (2) whether joinder is sought simply to destroy diversity; (3) whether complete relief can be accorded from the existing parties; and (4) the timeliness of the motion.  *See Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999); Schwarzer, *et al.*, Cal. Prac. Guide: Fed. Civ. Proc. Before Trial, § 2:1078 (The Rutter Group 2007) (citing cases).  Application of the relevant factors strongly favors *denying* leave to amend here.  In any event, WaMu is entitled to have the issue considered by the Court after full briefing and oral argument.  Neither the *Brillhart*

---

[1] Notably, defense counsel never mentioned this supposed typo or alternative meaning at the December 19 hearing, but appeared to concede that the negligent misrepresentation claim was time-barred on its face.  *See* Transcript, at 8:18-19; 16:1 (following numerical lineation) & 16:18-23.

3
DEFENDANTS' OPPOSITION TO ADMINISTRATIVE MOTION TO CHANGE TIME FOR HEARING ON MOTION TO REMAND – C 07 06020 PJH

motion nor the motion to remand can be decided until the Court determines whether a diversity-destroying amendment will be permitted.[2]

### C. Defendants Failed to Meet and Confer.

Defendants disingenuously claim that they complied with Civil Local Rule 7-11(a) by sending a letter "requesting that Defendants stipulate to the hearing of Plaintiff's Motion to Remand (as well as the hearing of NMSB's motion to dismiss or stay related case number 07 CV 00280 PJH) prior to the hearing on the MSJ." Declaration of Bradley Kramer, filed January 7, 2008, ¶ 7. As is plain from the letter attached as Exhibit A in support of this statement, counsel did no such thing. In fact, the referenced letter requested only that WaMu *stipulate to remand,* and made no mention of advancing the hearing dates of defendants' motions. For this reason alone, defendants' administrative motions should be denied.

### D. WaMu Will Suffer Prejudice By Further Delay.

Finally, defendants claim they will suffer prejudice if the summary judgment motion is decided before their *Brillhart* and remand motions. Not so. First, defendants themselves are responsible for the procedural posture in which they now find themselves. They could have filed counterclaims in the related action, but chose not to do so. They proceeded with discovery aware that WaMu would be filing its motion for summary judgment on October 24—the date set at the CMC. They waited to file their state court action, motions for abstention and motion to remand until after WaMu had filed its summary judgment motion. As this Court held in *Medtronic Vascular Inc., v. Advanced Cardiovascular Systems, Inc.*,

---

[2] Nor can defendants avoid the statute of limitations bar to their negligent misrepresentation claim by employing revised punctuation. Defendants' self-serving revisionism is precluded by Granum's earlier sworn declaration attesting that he learned of WaMu's position "[i]n the first half of September 2005." Declaration of Robert M. Granum II In Support of Defendants' Opposition to Plaintiff's Motion for Summary Judgment, filed November 7, 2007, ¶ 5. The Court can take judicial notice of this document. *See Mullis v. United States Bankruptcy Court*, 828 F.2d 1386, 1388 (9th Cir. 1987); *Mack v. Southbay Beer Dists.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

2007 WL 2903997 (N.D. Cal. Oct. 4, 2007), a party responsible for its own delay in bringing a motion lacks good cause for an order shortening time.

     Nor will changing the hearing date avoid wasting time and resources, as defendants contend. Indeed, the opposite is true. This action is well advanced: discovery has been completed and WaMu's motion for summary judgment is fully briefed and ripe for decision. A judgment in WaMu's favor will likely be *res judicata* as to all or many of the claims in both actions, and thus will substantially assist in narrowing or disposing of them. If the summary judgment motion is denied, the Court can hear the motion to dismiss/stay and motion to remand at a properly-noticed date and time. There is no valid basis for either a delay of WaMu's motion or an acceleration of defendants' motions.[3]

Dated: January 10, 2008                      HELLER EHRMAN LLP

By */s/ Anna S. McLean*
    ANNA S. McLEAN
    Attorneys for Defendants
    WASHINGTON MUTUAL BANK
    and MARK ST. PIERRE

---

[3] Defendants also argue that their motions should be advanced because the "wrong forum" could end up making dispositive rulings that would be vulnerable to reversal for lack of jurisdiction. As WaMu has earlier pointed out, discretionary abstention is *not* a jurisdictional issue. *See Maryland Cas. Co. v. Knight,* 96 F.3d 1284, 1288 (9th Cir. 1996). A district court's decision to exercise jurisdiction over a declaratory judgment action is discretionary, and is reviewed on appeal for abuse of discretion. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 289-90 (1995). There is thus no risk of a void or voidable order here.