PETER S. HECKER (Bar No. 66159)
ANNA S. McLEAN (Bar No. 14223)
JESSE P. SISGOLD (Bar No. 222403)
E-Mail: anna.mclean@hellerehrman.com
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile:  (415) 772-6268

Attorneys for Defendants
WASHINGTON MUTUAL BANK and
MARK ST. PIERRE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NMSBPCSLDHB, a California limited partnership,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON MUTUAL BANK, a federal savings association; MARK ST. PIERRE, an individual; and DOES 1 THROUGH 10,<br><br>　　　　　　　Defendants. | Case No.:  C 07 6020 PJH<br><br>**DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT; MEMORANDUM IN SUPPORT THEREOF**<br><br>Date:  February 20, 2008<br>Time: 9:00 a.m.<br>Courtroom: 3 |
| WASHINGTON MUTUAL BANK,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>NMSBPCSLDHB, a California limited partnership; the Granum Family Trust, as General Partners of NMSBPCSLDHB; and Robert M. Granum, II, as Trustee of the Granum Family Trust,<br><br>　　　　　　　Defendants. | Case No.: C 07 0280 PJH |

DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT; MEMORANDUM IN SUPPORT THEREOF – CASE NO. C 07 6020 PJH

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................ 1
II. RELEVANT FACTS AND ALLEGATIONS .................................................... 2
   A. Delaying WaMu's Summary Judgment Motion—Round I .......................... 2
   B. Delaying WaMu's Summary Judgment Motion—Round II ......................... 3
III. ARGUMENT ....................................................................................................... 5
   A. The FAC Should Be Stricken For Failure To Seek Leave To Amend ............................................................................................................ 5
   B. Leave to Amend Should Be Denied Under 28 U.S.C. § 1447(e) ............................................................................................................ 5
IV. CONCLUSION ................................................................................................... 8

i

DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT; MEMORANDUM IN SUPPORT THEREOF – CASE NO. C 07 6020 PJH

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on February 20, 2008, at 9:00 a.m., or as soon thereafter as counsel may be heard, by the Honorable Phyllis J. Hamilton of the United States District Court for the Northern District of California, located at Courtroom 3, 450 Golden Gate Avenue, San Francisco, California 94102, defendants Washington Mutual Bank ("WaMu") and Mark St. Pierre ("St. Pierre") will and hereby do move for an order under Federal Rule of Civil Procedure ("Rule") 12(f) striking the first amended complaint ("FAC") on the grounds that: (1) NMSBPCSLDHB ("NMSB") failed to move for leave to amend its complaint as required by 28 U.S.C. § 1447(e) and applicable case law, and (2) the statutory factors guiding the allowance of diversity-destroying amendments strongly favor denying NMSB's proposed amendments.

This motion is based upon this notice of motion and motion, the accompanying memorandum of points and authorities, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

In denying NMSB's motion to dismiss or stay *Washington Mutual Bank v. NMSBPCSLDHB, et al.*, C 07 0280 PJH (the "WaMu Action"),[1] the Court made clear its desire to hear WaMu's summary judgment motion *before* any other motions in the related cases: "I don't want to hear three or four other motions so that [NMSB] can get the posture of the case such that there is a parallel [state court] action. I don't want to hear . . . a motion to remand followed by a motion to dismiss followed by yet another substantive motion. I'm going to hear [WaMu's summary judgment motion], and then I'll decide." *See* Request for Judicial Notice ("RJN"), filed herewith, Ex. A (Transcript, at 21-22).

As if the Court's instruction had never occurred, NMSB shortly thereafter filed: (1) the FAC, which purports to allege a diversity-destroying fraud claim against St. Pierre, without leave of Court, (2) a motion to remand based on the new claim, and (3) a motion to dismiss or stay the WaMu Action based on the same *Brillhart* argument the Court already rejected—along with administrative motions requesting that all of its motions be heard, once again, *before* WaMu's summary judgment motion. The Court denied defendants' administrative motions, finding that good cause was lacking to hear NMSB's motions first.

This flurry of filings is the latest in a series of ever-evolving efforts by NMSB to prevent the Court from ruling on WaMu's summary judgment motion—a motion that has been fully briefed and ripe for decision since November 2007. NMSB is unabashed about its purpose—if local WaMu employee St. Pierre is joined as a proper party, diversity jurisdiction will be destroyed; NMSB then seeks both remand and to re-argue, based on *Brillhart,* that the WaMu Action should be stayed in favor of the to-be-remanded NMSB action. But NMSB's strategy will not work. The FAC—on which both NMSB's request to

---

[1] Defendants in the WaMu Action are NMSB, the Granum Family Trust (general partner of NMSB) and Robert Granum II (trustee of the Granum Family Trust). We refer to all three herein as "NMSB" for ease of reference.

1

DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT; MEMORANDUM IN SUPPORT THEREOF – CASE NO. C 07 6020 PJH

remand and its second *Brillhart* motion are predicated—is both procedurally and substantively improper, and must be stricken.[2]

The procedural error is clear-cut. Post-removal amendments that destroy diversity are not permitted without either party consent or a motion for leave to amend. Because neither was sought here, the Court must strike the FAC for this reason alone. In any event, even if the Court were to reach the merits of the proposed amendments, they should still be stricken. Under 28 U.S.C. § 1447(e), post-removal amendments that add an "unnecessary" party for the purpose of defeating federal jurisdiction should be denied, so long as the denial does not unduly prejudice the plaintiff. Here, full relief may be administered without joining St. Pierre. Furthermore, NMSB suffers no prejudice without St. Pierre, as it alleges that St. Pierre's actions were all undertaken within the scope of his WaMu employment and that his actions may be imputed to WaMu for liability purposes. Accordingly, there is no basis to permit a diversity-destroying amendment here, and the FAC should be stricken for this reason as well.

## II.   RELEVANT FACTS AND ALLEGATIONS

### A.   Delaying WaMu's Summary Judgment Motion—Round I

On January 16, 2007, WaMu filed a complaint in this Court seeking a judicial declaration as to the parties' respective rights and obligations regarding the investment of Funds assigned by NMSB to WaMu as additional collateral pursuant to the Additional Security Agreement. *See* RJN, Ex. B (WaMu Complaint, ¶¶ 15-21). NMSB answered and filed an amended answer without pleading any counterclaims. NMSB also agreed to the pretrial schedule set by the Court at the initial case management conference. Pursuant to that schedule, the parties completed their discovery by the cut-off of September 28, 2007,

---

[2] Although NMSB included a claim for negligent misrepresentation against St. Pierre in the original complaint, the dates and facts alleged in the complaint revealed the claim to be time-barred. Thus, St. Pierre was *fraudulently joined* and is not treated as a party to this action. *See* Notice of Removal, filed November 28, 2007; *see also Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir. 1998).

2
DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT; MEMORANDUM IN SUPPORT THEREOF – CASE NO. C 07 6020 PJH

and WaMu filed its pending summary judgment motion on the dispositive motion deadline of October 24, 2007.

On November 7, 2007, *the same day* as its opposition to WaMu's summary judgment motion, NMSB filed the instant action in Santa Clara Superior Court. The next day, NMSB moved to dismiss or stay the WaMu Action under *Brillhart*, even though NMSB's action was filed *ten months* later. NMSB's filings were, in the words of this Court, "worthy of suspicion" (RJN, Ex. C (Order Denying Motion to Dismiss/Stay, at 2)) and "purely strategic" (RJN, Ex. A (Transcript, at 21)).

Defendants removed the instant action to this Court on November 27, 2007. The parties stipulated, and the Court ordered, that the two actions were "related" under the Court's local rules. Although the complaint contained a claim for negligent misrepresentation against St. Pierre—a WaMu employee and California resident—the claim was time-barred on its face. As a result, St. Pierre was considered *fraudulently joined* and removal on diversity grounds was proper. Initially, NMSB conceded that diversity jurisdiction was "established on fraudulent joinder grounds" (RJN, Ex. C (Order, at 1)) since its negligent misrepresentation claim was "barred." RJN, Ex. A (Transcript, at 16); RJN, Ex. D (NMSB's Reply in Support of Motion to Dismiss or Stay, at 7) ("facts giving rise to negligent misrepresentation claim against St. Pierre will also support a claim for fraud—*a claim that is not yet time barred*") (emphasis added); *Id.* (Huron Decl., attached to NMSB's Reply in Support of Motion to Dismiss or Stay, ¶ 2) ("St. Pierre will be sued for fraud as opposed to negligent misrepresentation . . . [b]ecause the statute of limitations for fraud is three years . . . [so] the new state court action will not be time-barred.").

**B.     Delaying WaMu's Summary Judgment Motion—Round II**

At NMSB's request, the Court took WaMu's summary judgment motion off calendar pending its decision on NMSB's motion to dismiss or stay under *Brillhart*. After orally ruling that it would deny NMSB's motion, the Court indicated that it wished to halt motion practice until after the summary judgment hearing in the WaMu Action, which it then set for January 30, 2008. *See* RJN, Ex. A (Transcript, at 21-22). Nonetheless, shortly

3

thereafter, NMSB filed the FAC, a motion to remand, and a *second* motion to dismiss or stay under *Brillhart,* as well as administrative motions seeking, once again, to have its newly-filed motions heard before WaMu's fully-briefed motion for summary judgment.

NMSB re-alleges in its FAC that "[i]n performing each of the acts set forth herein, St. Pierre was acting within the scope and course of his agency with [WaMu]." Complaint ¶ 3; FAC ¶ 3. That is, NMSB considers St. Pierre's actions and any resulting liability attributable to WaMu. Nonetheless, NMSB again seeks to join St. Pierre, by (1) alleging a fraud claim against him, thus attempting to destroy diversity (*see* FAC, ¶¶ 53-61), and (2) by *removing a comma* from the allegation that NMSB became aware of St. Pierre's supposed misrepresentation in "late September 2005"—which NMSB contends "clarifies" the meaning and supposedly avoids the critical admission establishing that the negligent misrepresentation claim is time-barred.[3] *Compare* Complaint ¶ 22 *with* FAC ¶ 20. NMSB filed its amendments without party consent and without moving for leave to amend, even though its counsel acknowledged the necessity of a motion at the December 19 hearing and the Court likewise did so in its Order. *See* RJN, Ex. A (Transcript, at 16); RJN, Ex. C (Order, at 2).

The Court refused to allow NMSB to manipulate the hearing schedule. On January 11, 2008, it denied the requests for administrative relief and determined to proceed with the hearing on WaMu's summary judgment motion on January 30, 2008.

---

[3] NMSB cannot avoid the statute of limitations bar to its negligent misrepresentation claim by employing revised punctuation. NMSB's blatant revisionism is precluded by Granum's earlier sworn declaration attesting that he learned of WaMu's position "[i]n the first half of September 2005." RJN, Ex. F ( Granum Decl. in Support of Defendants' Opposition to Plaintiff's Motion for Summary Judgment, filed November 7, 2007, at ¶ 12).

4

DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT; MEMORANDUM IN SUPPORT THEREOF – CASE NO. C 07 6020 PJH

## III. ARGUMENT

### A. The FAC Should Be Stricken For Failure To Seek Leave To Amend

The permissive standard of Rule 15(a) allows amendment as a matter of course only because a pre-answer amendment is presumptively appropriate and court scrutiny is thus unnecessary. When a case has been removed to federal court, however, Rule 15(a)'s presumption of the amendment's validity does not apply: "Once a case has been removed, a diversity-destroying amendment *could be motivated by the plaintiff's desire to gain procedural advantage* by returning to state court rather than a desire to reach the merits." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1087-88 (C.D. Cal. 1999) (emphasis added). Consequently, a motion for leave to amend is *required* so that a district court can "scrutinize an attempted diversity-destroying amendment to ensure that it is proper . . . even if the amendment is attempted before a responsive pleading is filed." *Id.* (striking amended complaint that added diversity-destroying defendant); *Lyster v. First Nationwide Bank Financial Corp.*, 829 F. Supp. 1163, 1165 (N.D. Cal. 1993) (party may not employ Rule 15(a) to interpose amendment that would deprive court of jurisdiction over removed action); 6 Wright, *et al.*, Fed. Prac. & Proc. Civ. 2d § 1477 (2007) ("It is well settled that the continued jurisdiction of a federal court after removal will not be allowed to be determined at the whim and caprice of the plaintiff by manipulation of the Complaint by amendment.").

NMSB's amendments focus squarely on adding a fraud-based claim against a local resident, St. Pierre. *See* FAC, ¶¶ 20, 53-61. Joining St. Pierre to this lawsuit would destroy diversity jurisdiction and provide a basis for remand. Such amendments require either defendants' consent or judicial scrutiny by way of a motion for leave to amend before the FAC can become operative. Defendants did not consent to the amendments (and NMSB did not ask). Nor did NMSB file a motion for leave to amend. Accordingly, the FAC must be stricken.

### B. Leave to Amend Should Be Denied Under 28 U.S.C. § 1447(e)

Even if NMSB had brought a proper motion, the amendments still would be impermissible under 28 U.S.C. § 1447(e), which provides:

5

DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT; MEMORANDUM IN SUPPORT THEREOF – CASE NO. C 07 6020 PJH

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject mater jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court.

This statute "clearly gives the district court the discretion" to deny diversity-destroying amendments. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). In determining whether to use this discretion, courts weigh the following relevant factors: (1) whether the party sought to be joined is necessary or indispensable under Rule 19; (2) whether plaintiff will be prejudiced if the amendments are denied; (3) whether joinder is sought simply to destroy diversity; (4) the timeliness of seeking amendment; and (5) the apparent validity of the claims against the new party. *See* Schwarzer, *et al.*, Cal. Prac. Guide: Fed. Civ. Proc. Before Trial, § 2:1078 (The Rutter Group 2007) (citing cases). The first two factors are often dispositive. *See, e.g.*, *Newcombe,* 157 F.3d at 691 (affirming denial of amendment to add diversity-destroying defendant when party not "necessary" and no "undue prejudice" to plaintiff); *Red Buttons v. Nat'l. Broadcasting Co.*, 858 F. Supp. 1025, 1027(C.D. Cal. 1994) (same).

As to the *first* and *second* factors, a party is "necessary" ("required" under new Rule 19) if: (A) his absence would preclude complete relief among existing parties; or (B)(i) he claims an interest in the subject of the action that may be impaired, or (ii) there is a substantial risk that an existing party would be subject to multiple or inconsistent obligations unless the party is joined. *See* F.R.C.P. 19; *Newcombe*, 157 F.3d at 691 (ability to adjudicate misappropriation dispute and obtain full recovery from advertising agency and others meant agency's artist not "necessary"); *Farrugia v. Allstate Ins. Co.*, 2007 U.S. Dist. LEXIS 22628 **3, 4 (N.D. Cal. 2007) (ability to adjudicate insurance contract dispute and obtain full recovery from insurance company meant agent who made misrepresentations not "necessary"); *Red Buttons*, 858 F. Supp. at 1027 (ability to adjudicate defamation suit and obtain full recovery from network meant local station and executives not "necessary").

Here, the dispute over the ASA, entered into by NMSB and WaMu, plainly can be adjudicated *without* St. Pierre. NMSB already seeks full recovery directly from WaMu and

6

alleges St. Pierre was acting at all times within the scope and course of his agency with WaMu. *See* FAC ¶ 3 & Prayer; Complaint ¶ 3 & Prayer. St. Pierre is thus not "necessary" to the instant action, especially given that his actions would be attributable to WaMu, his employer. There thus can be no prejudice to NMSB if he is not joined.

*Third*, the factor of "motive" strongly favors denying the amendment. The Ninth Circuit has held that courts should "look with particular care" at motive in determining whether to permit leave to amend when the presence of a new defendant would defeat the court's diversity jurisdiction. *Desert Empire Bank v. Ins. Co. of North America,* 623 F.2d 1371, 1376-77 (9th Cir. 1980). Here, the Court has already found that NMSB's original complaint was "worthy of suspicion" with regard to forum shopping (RJN, Ex. C (Order, at 2)) and "purely strategic" (RJN, Ex. A (Transcript, at 21)). NMSB continued its strategy with the filing of the FAC—add St. Pierre to destroy diversity, use this as a basis for remand, and then use the remanded case as a basis to stall a summary judgment ruling in the WaMu Action. NMSB's motive of destroying diversity is only underscored by the fact that NMSB can obtain full relief in the instant action directly from WaMu. *See, e.g.*, *Red Buttons*, 858 F. Supp. at 1027; *Farrugia*, 2007 U.S. Dist. LEXIS 22628 *5.

*Fourth*, the factor of timeliness raises serious issues as to whether the amendments should be permitted. On the one hand, NMSB did not delay in amending its complaint. On the other hand, the overall timing of the filing of this lawsuit—*ten months* after the related WaMu Action was filed and long after the time to allege these claims as counterclaims in that action had run—is plainly without excuse, and NMSB has never offered any.

The final factor, validity of claims against St. Pierre, again favors denial of the amendments. NMSB's negligent misrepresentation is time-barred. *See* Notice of Removal, filed November 28, 2007 (NMSB informed of alleged misrepresentation 26 months prior to filing action); RJN Ex. E (Granum Decl. admitting same); *see also E-Fab, Inc. v. Accountants, Inc. Servs.*, 153 Cal. App. 4th 1308, 1316 (2007) (cause of action for negligent misrepresentation is subject to two-year limitations period). And the FAC remains devoid of *any* factual allegations supporting the element of falsity, which must be pled with

7

specificity for both the negligent and intentional fraud claims. *See* F.R.C.P. 9(b); *Glenfed*, 42 F.3d at 1548 (Rule 9(b) precludes a plaintiff from simply pointing to a statement, noting the content "conflicts with the current state of facts," and concluding that the "charged statement must have been false" at the time it was made); *Richardson v. Reliance Nat'l Indem. Co.*, 2000 U.S. Dist. LEXIS 2838 *13 (N.D. Cal. 2000) (dismissal granted where plaintiff simply pointed to a statement of defendant's intent, noted that it was not carried out, and then concluded it must have been false).

Thus, in addition to the fact that the Court must strike the amended complaint because NMSB failed to seek leave to amend, the factors applicable under 28 U.S.C. § 1447(e) also favor denial of leave to amend on the merits.

### IV. CONCLUSION

For each of these reasons, WaMu and St. Pierre respectfully request that the Court strike the FAC.

Dated: January 16, 2008                HELLER EHRMAN LLP

By */s/ Anna S. McLean*
    ANNA S. McLEAN
    Attorneys for Defendants
    WASHINGTON MUTUAL BANK and
    MARK ST. PIERRE