# *EXHIBIT A*

071219WashingtonMutualPJHF.txt

Pages 1 - 26

United States District Court

Northern District of California

Before The Honorable Phyllis J. Hamilton

Washington Mutual Bank,
                   )
        Plaintiff,    )
                   )
  vs.              )     No. C07- 280 PJH
                   )
NMSBPCSLDHB,       )
et al.,            )
                   )
        Defendant.    )
_____)

San Francisco, California
Wednesday, December 19, 2007

Reporter's Transcript Of Proceedings

Appearances:

For Plaintiff:        Heller, Ehrman, White & McAuliffe
                     275 Middlefield Road
                     Menlo Park, California  94025-3506
            By:  Anna McLean, Esquire
                     Peter Hecker, Esquire

For Defendant:        Huron Law Group
                     1875 Century Park East, Suite 1000
                     Los Angeles, CA  90067
            By:  Jeffrey Huron, Esquire

Reported By:          Sahar McVickar, RPR, CSR No. 12963
                     Official Reporter, U.S. District Court
                     For the Northern District of California

(Computerized Transcription By Eclipse)

2

1  Wednesday, December 19, 2007         9:00 a.m.

2               P R O C E E D I N G S

3        THE CLERK:  Calling civil case 07-280, Washington

071219WashingtonMutualPJHF.txt

4    Mutual Bank, NMSBPCSLDHB, et al.

5         Counsel, please state your appearances for the

6    record.

7         MS. MCLEAN:  Anna McLean and Peter Hecker for the

8    plaintiff, Washington Mutual Bank.

9         MR. HECKER:  Good morning.  I'm Peter Hecker.  I'm

10   with her.

11        THE COURT:  Oh, okay.

12        MR. HURON:  Good morning, Your Honor.

13        Jeff Huron for the defendants and moving parties.

14        THE COURT:  All right.

15        And can we just refer to the defendants as defendant

16   today instead of -- is this an acronym?

17        MR. HURON:  I believe it is, but I don't know what

18   it stands for.

19        THE COURT:  Okay.

20        MR. HURON:  I've been asked that already this

21   morning.

22        THE COURT:  All right.

23        This matter is on for a hearing on the defendant's

24   motion to dismiss or alternative motion to stay the action.

25   The action is a declaratory judgment action filed by the

                                                              3

1    insurer.  This is over contract claims in this action, as well

2    as in the State action that was recently removed.  They are

3    essentially the same.  They arise out of this contractual

4    agreement, the additional security agreement entered into by

5    the parties.

6         Just as an aside before we get into it, I don't

7    quite understand; the agreement was that all or part of the

8    award from the ITEX litigation would be assigned to the bank.

071219WashingtonMutualPJHF.txt

9   The ITEX litigation resulted in $25 million being awarded to

10  the defendant? Why did they have to assign more than the loan

11  they took out to the bank? They only borrowed $9 million, why

12  did they have to give you the rest? I know that doesn't have

13  anything to do with these issues, but I'm just curious.

14       MS. MCLEAN: That was the deal they wanted, Your

15  Honor. They struck that deal a year before they got the award,

16  and that was the deal they wanted, that the entire award would

17  be assigned to the bank.

18       THE COURT: For what period of time?

19       MS. MCLEAN: Until the underlying lease would have

20  expired, so it's until 2011, I believe.

21       THE COURT: So what's the purpose of the excess

22  amount being with the bank?

23       MS. MCLEAN: I don't know, Your Honor. I think that

24  question would be better directed to the --

25       THE COURT: What does the contract say?        4


1       MS. MCLEAN: The additional security agreement says

2  that all of the award that was to be determined in the

3  litigation between defendants and I-Tex, which was the tenant,

4  was to be assigned to the bank as additional security for the

5  loan. So at that point the award had not been determined. A

6  year later the bank got the money.

7       THE COURT: Is there some kind of a prepayment

8  penalty?

9       MS. MCLEAN: I believe there is, Your Honor.

10       MR. HURON: I think that is correct.

11       THE COURT: At that time you obviously didn't know

12  you were getting the $25 million.

13       MR. HURON: Well, that's correct, because the

071219WashingtonMutualPJHF.txt

14  defendants had lost in the bankruptcy court, and then they lost

15  at the District Court and then they won at the Court of Appeals

16  level.  So I think they were pleasantly surprised with the

17  outcome.

18          It's unfortunate, but, yeah, there is a lot of

19  excess collateral with Washington Mutual.

20          THE COURT:  Does the bank get to keep that?

21          MR. HURON:  No.

22          THE COURT:  What is the determinative event for the

23  excess to revert back to your client?

24          MR. HURON:  Well, it would be either the end of the

25  loan, the maturity of the loan, or a prepayment with a

5

1  prepayment penalty or the expiration of the original lease,

2  whichever would occur first.

3          THE COURT:  Um-hmm.  Sounds like a bad deal for your

4  client.

5          MR. HURON:  Extremely bad deal.

6          THE COURT:  All right, with that said let's turn to

7  the merits of the motion.  The defense has moved to stay or

8  dismiss.  You are claiming a basis for stay under Brillhart, a

9  common abstention doctrine that's applied in Federal Court.

10          As I understand it, the State, parallel State case

11  is no longer a parallel State case, it's now been removed, so

12  we have two Federal cases.  That is not determinative.  The

13  Ninth Circuit has held that while it's a factor to be

14  considered, it's not determinative as to whether or not there

15  is actually a State case going on.

16          The defense wishes to dismiss the State case,

17  correct, the State case that has now been removed, and reallege

18  it, not as a negligent misrepresentation but as a fraud claim.

Page 4

071219WashingtonMutualPJHF.txt

19          MR. HURON:  That's correct, either that or ask this

20   Court for leave to amend to state a fraud claim.  Either or.

21          THE COURT:  All right, meaning you would like to

22   move to amend here if the case --

23          MR. HURON:  What I'm saying is that the defendants

24   could do one of two things with respect to the removal of the

25   State case that we filed.  One thing is we filed a motion for

6

1   remand, and if that's granted, then in the State Court we could

2   ask the State Court for leave to amend to include a fraud claim

3   against the individual defendant who would defeat diversity.

4          Alternatively, if we brought a motion to remand and

5   this Court denied that motion to remand, Washington Mutual has

6   already filed a motion to dismiss; in connection with that

7   motion to dismiss we could ask this Court for leave to amend to

8   include an additional claim for fraud.

9          THE COURT:  Does the motion to amend that is on for

10   January 30, on for hearing, that is the plaintiff's motion to

11   dismiss your claim for negligent misrepresentation?

12          MR. HURON:  It's two things.  It's to dismiss the

13   State claim for negligent misrepresentation on the grounds that

14   it's barred by the Statute of Limitations, but Washington

15   Mutual is also attempting to dismiss all of the claims on the

16   grounds that the State claims were compulsory counter-claims in

17   this Court and therefore were somehow -- the defendants have

18   waived those claims by not bringing them against this

19   declaratory relief action which my understanding is not the law

20   in the Ninth Circuit.  There are no obligations to bring those

21   claims.

22          THE COURT:  I haven't actually looked at the motion,

23   I just noticed that it was on.  Actually, I have a flurry of

Page 5

071219WashingtonMutualPJHF.txt
24  motions from you all.  I think we have a summary judgment
25  motion that I vacated pending the outcome of this hearing.                    7

1        And I'm interested in consolidating all of this, I
2  don't need to have three pending motions on this case another
3  case pending at the same time.  So we can talk about that after
4  I resolve this motion.
5        For purposes of the abstention or your asking the
6  Court to stay or dismiss, your intent, then, is to -- well,
7  first of all, does the fact that you are interested in having
8  this matter remanded to State Court so that you can dismiss it
9  and reallege or to allege a fraud claim, does that suggest some
10  concession on the defense part that the negligent
11  misrepresentation claim is not a viable one?
12        MR. HURON:  No, I think it's -- the allegations that
13  support the negligent misrepresentation claim are valid.  And
14  we originally drafted the complainant to contain a fraud cause
15  of action but the client did not want to bring a fraud claim
16  because he thought it was harsh, and he didn't want to see
17  punitive damages, so we brought it as a negligent
18  misrepresentation claim.  And Washington Mutual raised a
19  Statute of Limitations defense, which may be a valid defense;
20  however, a fraud claim has an additional year so we could bring
21  it as a fraud claim.
22        To answer the Court's question, there is no
23  concession because I think in the Ninth Circuit there doesn't
24  even need to be a parallel State action for the Court to
25  abstain or -- from a declaratory relief action, that is number     8

1  one.
2        Number two --
                                Page 6

071219WashingtonMutualPJHF.txt

3           THE COURT:  There would be no basis for me to

4   abstain unless there were some other action going on.

5           MR. HURON:  Well, there would be a basis for the

6   Court to abstain, and that is really the main Brillhart factor,

7   which is that in declaratory relief actions the courts are

8   supposed to avoid unnecessarily litigating State Court claims.

9   This action --

10          THE COURT:  But I would have to be assured that

11  there was a State Court claim being litigated somewhere before

12  making that decision.

13          MR. HURON:  Well, certainly.  What I would expect

14  would happen procedurally is if the Court grants this motion it

15  could stay the action until the other State Court action that

16  is pending is remanded or a new State Court action is filed.

17  Or, it could simply dismiss this action and order the State

18  Court case remanded, in which case we would be litigating in

19  State Court.

20          THE COURT:  Dismiss this and then remand it; I'm not

21  so sure I can do that.

22          MR. HURON:  This motion is in front of the Court

23  now, the Court certainly can grant this motion, dismiss this

24  declaratory relief action.  On the hearing on the motion to

25  remand, the Court can remand the case back to State Court.

                                                          9


1           THE COURT:  And there is a motion to remand on --

2   that's been filed already?

3           MR. HURON:  Not yet.  We are waiting for the outcome

4   of this motion first because we didn't want to incur needless

5   attorney fees.

6           THE COURT:  Okay.

7           Well, I'll just tell you that it's not likely I'm
                                Page 7

071219WashingtonMutualPJHF.txt

8   going to dismiss this action until whatever State action that
9   is supposed to take the place of litigating the State claims
10  is -- is pending.  But I might, I might grant a stay of the
11  action until all of that is resolved.  But it is not likely
12  that I would dismiss it.
13         MR. HURON:  I mean, I understand the Court's
14  perspective on that, but again, in the Huth case that we cited,
15  there was a very similar procedural posture in the case where
16  the Court had, essentially, a State case that had been removed
17  to Federal Court and a Federal case that had been filed and
18  they had been consolidated.
19         So the plaintiff there, as the plaintiff here,
20  argued that, ah-hah, there is no parallel State case,
21  therefore, the Court cannot abstain because the case -- there
22  is no State case.  The Court of Appeals in the Ninth Circuit in
23  that case, again, that is Huth, said, no, that is not the end
24  all be all of the analysis, that the Court still has to look at
25  what issues are involved in this dispute.
                                                              10

1          Here there are all State case issues involved.  And
2   therefore, the cases, and the Ninth Circuit is pretty clear, is
3   when there are only State Court issues involved and it's here
4   on a declaratory relief action, the Court really does need to
5   look at the Brillhart factors.
6          In the case of Huth and some other cases where you
7   look at those three factors, there have been cases where they
8   have said that the forum shopping issue didn't favor either
9   party.  There are cases where it also came to the conclusion
10  that the duplicate of litigation didn't favor either party;
11  but, nevertheless, the Court held that because it involved the
12  cases, involved State law issues, the Court should abstain
                          Page 8

071219WashingtonMutualPJHF.txt

13  regardless of those other two factors being a draw.

14          So here, indisputably, we have all State Court

15  issues.  The declaratory relief action is all State law.  The

16  State case that's been filed and now removed to Federal Court

17  are State issues.  So what we are left with is a State case

18  that is in Federal Court because the plaintiff filed a

19  declaratory relief action under the Federal Declaratory Relief

20  Act.

21          The law is that unless there are exceptional

22  circumstances to make it come outside of the general rule that

23  declaratory relief actions that are based in State law should

24  be litigated in State Court rather than Federal Court, the

25  Court should abstain.  Here, Washington Mutual hadn't, in our          11

⚲

1   opinion, cited any exceptional circumstances that warrant this

2   Court not declining to exercise jurisdiction.

3           The only thing they really cited were two things

4   that I would like to talk about briefly.  One was that they

5   cited this case, Beacon Hill, for the proposition that there

6   had to be novel or complex State law issues.  I don't believe

7   that is a fair reading of the case.  The Ninth Circuit cases do

8   not refer to a novel or complex issue being a requirement for

9   abstention.  The Beacon One case actually held that the reason

10  they were not going to abstain in that case was because the

11  declaratory relief action was not contingent on the State

12  claims and that the issue in the declaratory relief action,

13  which had to do with insurance coverage, was not something that

14  was part of the State action.  And therefore, in that

15  situation, the Court in Beacon 1 felt that it was proper for

16  the Court to hear.

17          That issue is not here.  The State Court can

Page 9

071219WashingtonMutualPJHF.txt

18   certainly hear this declaratory relief action and can certainly

19   decide the other issues involving the breach of contract and

20   the fraud and negligent misrepresentation.

21          The other argument they make is that there has been

22   a fair amount of litigation in the case; however, there have

23   been several cases, one in particular, Golden Eagle, that said

24   even if the Court has already ruled on a motion for summary

25   judgment, that would still not require the Court to decline

                                                                    12


1    jurisdiction because that is comparatively minimal.

2          The standard is whether there has been a judgment --

3    I'm sorry, whether there has been a trial or there has been --

4    the argument -- closing arguments have been made to the jury.

5    So there is already case decision that says that this Court,

6    which hasn't ruled on any motions for summary judgment, can

7    abstain regardless of the fact that there has been some

8    litigation that has occurred.

9          Therefore, I don't really think Washington Mutual

10   has carried its burden to show that there are exceptional

11   circumstances to warrant this Court continuing to exercise

12   jurisdiction in this case.

13         THE COURT:  Response?

14         MS. MCLEAN:  Thank you, Your Honor.

15         I think it's important that we step back and look at

16   the procedural context of this motion, which counsel has not

17   addressed.

18         Washington Mutual filed the declaratory relief

19   action almost a year ago.  The defendants answered in April.

20   They filed two answers and asserted no counterclaims.  They

21   appeared before Your Honor in May at the initial case

22   management conference and agreed to an accelerated pre-trial

                                Page 10

071219WashingtonMutualPJHF.txt

23   schedule for the purpose of teeing up Washington Mutual's

24   motion for summary judgment on the contract interpretation

25   issues.

                                                                    13

1         That pre-trial schedule, which the Court set after

2    the initial case management conference, set a discovery cutoff

3    of the end of September, a motion -- dispositive motion filing

4    date of the end of October and a dispositive motion hearing

5    date of the end of November, November 28th.

6         The parties went through discovery, completed their

7    discovery by the discovery cutoff.  Washington Mutual filed its

8    motion on the agreed on date and noticed it for the agreed on

9    date.

10        Then what happened?  The defendants, on the day

11   their opposition was due, filed this State Court case and the

12   next day filed this motion.  It seems plain, Your Honor, that

13   this is nothing more than an effort to avoid a ruling on

14   Washington Mutual's summary judgment motion, which they agreed

15   to schedule and as to which discovery and briefing are now

16   complete.

17        Counsel never responds to Washington Mutual's

18   arguments in its papers as to the timing of this motion, their

19   failure to bring the State Court claims as counter-claims in

20   this case, which we believe was required.  And that is, as Your

21   Honor says, before it on the motion to dismiss, their failure

22   to meet the Court's deadline for dispositive motions.

23        This is a dispositive motion, the deadline for

24   filing it was in October.  And their decision to file an

25   entirely duplicative lawsuit, and they agree that it arises out

                                                                    14

071219WashingtonMutualPJHF.txt

1    of the same contract and the same transaction, they agreed to

2    stipulate that it be related to this case; they have no

3    explanation for any of that conduct.

4            Indeed, in Counsel's reply brief he attaches a

5    declaration saying that they intend to file a motion for

6    remand, and if the Court denies remand they are going to

7    attempt to circumvent that ruling as well and file the case

8    again in State Court.  So we have to start all over again.

9            Washington Mutual submits that its motion for

10   summary judgment ought to be recalendared promptly since the

11   Court took it off calendar and agreed to reschedule it at the

12   conclusion of this hearing.

13           Now, as to the Brillhart factors, we believe that

14   under the applicable law the Court should decline abstention

15   here.  Defendants cite the wrong standard.  The exceptional

16   circumstance standard was overruled.  In fact, they didn't cite

17   it in their briefing, and now they bring it up in oral

18   argument.

19           It is discretionary.  There is no requirement of

20   exceptional circumstances.  And the Court can look at the Ninth

21   Circuit cases that are cited in our papers, the more recent

22   ones in which the Courts reemphasize that it is entirely

23   discretionary with the District Court, and there is no

24   requirement of a finding of exceptional circumstances.

25           I think it's important to focus on also, in terms of

                                                                    15


1    the law, the issue of the pendency of the State Court case and

2    having been removed to this Court.  There are two different

3    lines of authority, and we need to focus on those two lines of

4    authority.  The Huth case and the Golden Eagle case that

5    counsel relies on involved situations where there was a

                              Page 12

071219WashingtonMutualPJHF.txt

6    declaratory judgment action pending in State Court that was

7    then removed to Federal Court.  The courts there said it's not

8    required that there be a pending case in State Court in order

9    to abstain when the removed case is a declaratory judgment

10   action because, of course, that falls under the Brillhart

11   analysis.

12          But where the State Court action is -- involves

13   claims for monetary relief, as is the case here, there is an

14   entirely different line of authority that applies.  The R & D

15   Latex case that we cite in our papers analyzes those two

16   competing lines of authority and comes with the conclusion that

17   where there is mandatory jurisdiction over monetary claims for

18   relief, as there is here because of diversity jurisdiction,

19   then the Court should not abstain because if the Court

20   abstained, there would, of course, then be duplicative

21   litigation if the declaratory relief claim were remanded and

22   the monetary relief claims stayed in this court.

23          The Dizole case, the R & D Latex case, the Snodgrass

24   case and the Chamberlain case all make that clear; the Court

25   should not abstain when there is mandatory jurisdiction over

                                                              16

1    additional claims.

2           As to the other factors, Counsel never mentions the

3    fact that Washington Mutual's lawsuit was filed ten months

4    earlier, that the case has been well developed.  Discovery is

5    complete.  There is a pending and fully briefed summary

6    judgment motion.  This is no possible reason to start all over.

7           THE COURT:  Well, it's not fully briefed.  You have

8    brought your motion, but no opposition or reply brief has been

9    filed.

10          MR. HALL:  Oh, yes, it's fully briefed.

                          Page 13

071219WashingtonMutualPJHF.txt

11          THE COURT:  You filed the opposition to that?

12          MR. HURON:  To the summary judgment motion?  Yes,

13  Your Honor.

14          THE COURT:  Okay.

15          Go ahead.

16          MS. MCLEAN:  So it certainly would be a tremendous

17  waste of resources to remand the case at this point.

18          The only case I was able to find, Maryland Casualty,

19  in which there was a State Court action filed many months after

20  the Federal action, the Ninth Circuit held that the -- the

21  State action was plainly filed in reaction to the Federal

22  action and not the other way around.  So the Court held that

23  retention of jurisdiction was proper.  And that is absolutely

24  the case here.

25          The defendants argue in their papers that we are                17

1  forum shopping; I don't think they really made that argument

2  here, so I won't respond to it.  Obviously, the decision to

3  invoke the Federal Court's diversity jurisdiction cannot be

4  deemed to be forum shopping, it's an Article 3 right.

5          Finally, as to the State law issues factor, the

6  defendants argue that it doesn't have to involve novel or

7  complex State Court issues in order for the Court to abstain.

8  There are some cases that don't address that issue, that is

9  true, but they don't dispute that it's an important factor in

10  the cases that do address it, including the Brillhart case

11  itself, which weighed that factor most heavily because the

12  purposes is, of course, that the Federal Court should not

13  determine issues of State law in the first instance when that

14  is avoidable.  Obviously, that is not the case here, and

15  defendants don't argue that it is.  This involves

Page 14

071219WashingtonMutualPJHF.txt

16  straightforward contract interpretation issues, all of which

17  have been fully briefed before Your Honor.  There is no complex

18  or technical issue that has been identified.

19          As to -- Counsel mentioned that they would like to

20  seek remand and then refile these claims in State Court; I

21  would like to -- I mean, this obviously isn't before Your

22  Honor, but, of course, Washington Mutual would object to that.

23  We believe that these claims were all compulsory counter-claims

24  in this case, and that issue is now before Your Honor on a

25  motion to dismiss.  We don't believe that remand would be

                                                                18


1  proper, especially since the Court has mandatory diversity

2  jurisdiction over the claims that are in the complaint that was

3  removed.  And removal is, of course, determined as of the state

4  of the pleadings when they are removed, so speculation about

5  additional or future claims they might try to bring is really

6  irrelevant to the remand issue.

7          I have nothing further.

8          THE COURT:  Has the time for filing the -- when was

9  the case removed?

10          MR. HURON:  The time hadn't expired.  I believe we

11  have until the middle part of January.

12          THE COURT:  And what's the basis of the request for

13  remand?

14          MR. HURON:  Well, the basis would be, Your Honor,

15  that, again, the Court should abstain.  It's all State law

16  issues.  And there would be a fraud claim, and the fraud claim

17  would include a party that is a resident of California, so

18  there would not be diversity.

19          THE COURT:  Wait, I'm not sure.

20          There would be a fraud claim?  There is not

                              Page 15

071219WashingtonMutualPJHF.txt

21  currently a fraud claim, is there?

22          MR. HURON:  There a fraud type of claim.  There is a

23  negligent misrepresentation --

24          THE COURT:  For which the Statute of Limitations has

25  probably run.                                                    19
♀

1           MR. HURON:  Right, but not for the fraud claim.  The

2   Statute of Limitations for negligent misrepresentation is two

3   years, and the Statute of Limitations fraud is three years.

4   The facts that we have alleged will support either a negligent

5   misrepresentation claim or a fraud claim.  And my understanding

6   is that the law should be that --

7           THE COURT:  You haven't -- you have not yet

8   dismissed the negligent misrepresentation claim.

9           MR. HURON:  That's correct.

10          THE COURT:  Okay, so why is that?  Why is that that

11  you haven't dismissed it yet?

12          MR. HURON:  Well, there are a number of reasons, but

13  the most obvious reasons for us is that if the case is

14  remanded, we want to amend.  So if we dismiss that claim we

15  dismiss that defendant.  And we want to be able to ask the

16  Court for leave to amend, whether it's this Court or the State

17  Court, to state an additional claim against the defendant.

18          That additional claim would be fraud; therefore,

19  since we feel that leave to amend should be granted under these

20  circumstances because the same facts support two different

21  theories and one would be barred and one wouldn't be barred, it

22  does make sense to dismiss that claim now because we want to

23  request that it be amended.

24          All we have to do, Your Honor, literally, is change

25  the title that says first cause of action for negligent        20
♀
                            Page 16

071219WashingtonMutualPJHF.txt

1   misrepresentation to first cause of action for fraudulent
2   misrepresentation, that's it.
3           MS. MCLEAN:  Of course, we would disagree with that,
4   Your Honor.  There are no allegations of intentional conduct.
5           In any event, the removability of the complaint is,
6   of course, determined as of the existing complaint, not some
7   hypothetical future complaint.
8           THE COURT:  There are so many contingencies.  I'm a
9   little confused as to what your strategy appears to be.
10          MR. HURON:  Well --
11          THE COURT:  But there are so many contingencies.
12  I'm not even sure that you have a basis for remand.
13          First of all, let me just say that of the Brillhart
14  factors, I don't find that there is any improper forum
15  shopping.  It seems to me if anybody has shopped for a forum,
16  it's the defense.  You filed a State Court action ten months
17  after the Federal action was already pending.  I don't have any
18  problem with you shopping among state courts, that is not
19  prohibited, shopping among Federal Court is prohibited.
20          MR. HURON:  If I may?  I do think that --
21          THE COURT:  I'm not persuaded, so please let me
22  finish.
23          MR. HURON:  Sure.
24          THE COURT:  There are two remaining Brillhart
25  factors that are critical here.  One is the avoidance of

                                                                21

1   needless determinations of State law.  That is a very strong
2   factor.  I have a very strong interest, given the number of
3   Federal cases I have on my docket, I have a very strong
4   interest in not deciding unnecessarily State Court issues.
                              Page 17

071219WashingtonMutualPJHF.txt

5              Secondly, the third Brillhart factor, the avoidance
6   of duplicative litigation, is critical.  I'm not sure there is
7   any duplicative litigation at this point.  Not only am I not
8   sure, I'm sure there isn't any duplicative litigation because
9   both cases are not only in federal court, they are both on my
10  docket.  And there is no way that I'm going to allow you all to
11  handle those two cases in any way other than a consolidated
12  fashion.  So we would not be duplicating anything.  So the
13  third Brillhart factor does not exist today.
14             So the question in my mind is whether or not, given
15  that there are obviously options available to the defendants to
16  get that State Court -- the second case back into State Court,
17  the only question is whether or not I should give you
18  opportunity to attempt to do so before making a final decision.
19  I'm not persuaded today that you are going to be able to do so.
20             You still have to file a motion to remand.  They
21  have grounds for arguing against that motion to remand.  So the
22  question for me is whether or not I grant some kind of a
23  temporary stay to permit you to attempt to have this case
24  remanded back to State Court.
25             If you are successful in remand and successful in                   22

1   stating a claim that actually sticks in State Court, then we
2   would be in a situation where there is duplicative or a
3   parallel State Court action.  So that's what I would like you
4   to address, that's the question that I'm facing.
5              Keep in mind, I have a very strong interest in not
6   hearing State Court cases, okay?  Both of you can respond.
7              MR. HURON:  All right.
8              Firstly, again, I point to the Huth versus Hartford
9   Insurance Company, where in that decision the Court did exactly
                                Page 18

071219WashingtonMutualPJHF.txt

10   what this Court just indicated, which is they didn't find there

11   was any evidence of forum shopping, and there wasn't any

12   evidence of duplicative litigation.  Nevertheless, the District

13   Court and then the Court of Appeals for the Ninth Circuit

14   affirmed the trial court's decision to abstain and dismiss the

15   case because it involved purely State law issues.

16              With respect to can we --

17              THE COURT:  Okay, but it's purely discretionary.

18   And I've just described to you that the two factors that are

19   most important to me, avoiding the having to make unnecessary

20   decisions on state cases is very, very important.  Nonetheless,

21   I would like to give due consideration to the second factor as

22   well, particularly given that you have made representations

23   this morning that you want to put to this case in a posture of

24   there being a parallel State action.

25              MR. HURON:  Well --                                    23

1              THE COURT:  You've opened the door to that, so I

2    want responses from both of you as to whether or not I should

3    somehow wait to give you an opportunity to do so.

4              MR. HURON:  I absolutely would request the Court to

5    wait.  And I think that is in the interest of justice and in

6    the interest of the parties because there is no reason to plod

7    ahead.  There is no prejudice to Washington Mutual.  They have

8    our money.

9              If the Court would allow us to have some additional

10   time to get the case procedurally untangled, if you will, I

11   think that would be in everyone's interests, especially if

12   there is a pending or parallel court action.  I think a

13   temporary stay would be the right thing to do under the

14   circumstances.

Page 19

071219WashingtonMutualPJHF.txt

15      THE COURT:  All right.

16      Ms. McClain?

17          MS. MCLEAN:  Of course, we would disagree with that.

18  We have already had our motion for summary judgment put off now

19  for almost a month.  That was the schedule that was agreed to

20  by the parties.  We have another stay for a motion to remand

21  and a motion to amend, apparently.  Who knows how long this is

22  going to go on.  There is prejudice to Washington Mutual.

23          THE COURT:  What if the summary judgment motion

24  isn't granted?  Don't I still have to deal with all these

25  issues?
                                                                24

1          MS. MCLEAN:  Presumably.

2          THE COURT:  Have you thought of the possibility that

3  I might not grant your motion?  I haven't looked at it, often

4  summary judgment motions are granted.  I grant quite a few.

5          MS. MCLEAN:  Of course we considered that

6  possibility.  But if the Court is able to reach the merits and

7  determine these issues on the merits that would then be res

8  judicata as to any efforts to file duplicative claims in the

9  State Court.  So we would like the Court to rule on the summary

10  judgment motion either way because it will bring an end to the

11  this endless procedural maneuvering.

12          As Your Honor has already indicated, we don't

13  believe a remand motion would be well taken here.  The

14  defendants have essentially conceded that the negligent

15  misrepresentation claim is time barred.  And our other basis

16  for the motion to dismiss is that all these claims are

17  compulsory counter-claims, so there should be no basis for

18  remand.

19          Finally, as to Your Honor's concern about the
                                Page 20

071219WashingtonMutualPJHF.txt

20 unnecessary ruling on State Court issues, I would again point

21 out that the Huth case that counsel relies on extensively is

22 distinguishable from the situation here.  Here, we have

23 monetary claims for relief that are properly before Your Honor

24 on a -- it's diversity claims, so the Court does not have the

25 discretion to abstain from ruling on those claims.  The Ninth                    25

1 Circuit has held in the Diazole cause and the R & D Latex case

2 that in such circumstances, the Court should not abstain and

3 should rule on all of the issues at the same time.  That would

4 be our position, Your Honor.

5           THE COURT:  Okay.  Anything else before I rule?

6           MR. HURON:  No.  Thank you.

7           THE COURT:  All right.  I was fully prepared to

8 grant some kind of a temporary stay, but I've been persuaded,

9 by listening to the argument, that what I would like to do is

10 hear the motion that is most likely to give me some finality

11 here.  And I'm going to rule on the motion for summary

12 judgment.  I don't want to hear three or four other motions so

13 that you can get the posture of the case such that there is a

14 parallel action.  Today there is no parallel action.

15 Notwithstanding the fact that the Court still could exercise

16 its discretion to do so, given the effect that your lawsuit in

17 my view was purely strategic, it was filed ten months after

18 this claimed claim was pending.

19           I don't know without looking at it obviously it

20 should have been brought as a compulsory counter-claim, but I

21 want to end this now.  I want it off my docket.  And I don't

22 wanted to hear three or four motions, a motion to remand

23 followed by a motion to dismiss followed by yet another

24 substantive motion.  I'm going to hear the motion that was

Page 21

071219WashingtonMutualPJHF.txt

25    vacated that was removed from the calendar, and then I'll
♀
                                                                           26

1     decide.  If there is something left, there is something left.

2     If it's not, it's gone.

3              In terms of when I am going to hear the motion, I'm

4     fully booked in January.  We do have the January 30th motion to

5     dismiss, which I'm not going to read until I have resolved the

6     motion for summary judgment, so we could substitute those

7     motions.  You have brought both of them, haven't you?

8              MS. MCLEAN:  Yes, Your Honor.

9              The motion to dismiss has not been fully briefed,

10    but if Your Honor is not going to consider it, we could

11    substitute --

12             THE COURT:  The date we'll hear the summary judgment

13    motion, January 30th, and hold off on briefing the motion to

14    dismiss until after I've at least had a chance to review the

15    motion for summary judgment.

16             Therefore, motion to stay or dismiss denied.  All

17    right.

18             MS. MCLEAN:  Thank you, Your Honor.

19             MR. HECKER:  Thank you, Your Honor.

20             (Proceedings adjourned at 9:23 a.m.)

21

22

23                      ---oOo---

24

25
♀

CERTIFICATE OF REPORTER

Page 22

071219WashingtonMutualPJHF.txt

I, Sahar McVickar, Official Court Reporter for the
United States Court, Northern District of California, hereby
certify that the foregoing proceedings were reported by me, a
certified shorthand reporter, and were thereafter transcribed
under my direction into typewriting; that the foregoing is a
full, complete and true record of said proceedings as bound by
me at the time of filing.  The validity of the reporter's
certification of said transcript may be void upon disassembly
and/or removal from the court file.


_____

Sahar McVickar, RPR, CSR No. 12963
December 21, 2007

♀