Gregory N. Dolton, State Bar No. 159451
Gregory N. Dolton, Attorney at Law
708 Blossom Hill Road, No. 208
Los Gatos, California 95032
Telephone: 408.399.7540
Fax: 408.399.7542

Jeffrey Huron, State Bar No. 136585
jhuron@huronlaw.com
Bradley Kramer, State Bar No. 234351
bkramer@huronlaw.com
HURON LAW GROUP
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: 310.284.3400
Facsimile: 310.772.0037

Attorneys for Plaintiff NMSBPCSLDHB

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NMSBPCSLDHB, a California limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL BANK, a federal savings association; MARK ST. PIERRE, an individual; and DOES 1 THROUGH 10,<br><br>Defendants. | CASE NO. C 07 06020 PJH<br><br>The Honorable Phyllis J. Hamilton<br>Courtroom 3<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT**<br><br>Date:    February 20, 2008<br>Time:   9:00 a.m.<br>Crtrm:  3<br><br>Related to Case No. C 07 0280 PJH |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

In their motion to strike, defendants Washington Mutual Bank ("WaMu") and Mark St. Pierre ("St. Pierre") (together, Defendants") argue that the First Amended Complaint (the "FAC") filed by plaintiff NMSBPCSLDHB ("NMSB") should be stricken for two reasons: first, because NMSB filed it without asking the Court for leave to amend and, second, because leave to amend should be denied under 28 U.S.C. § 1447(e), the statute which sets forth how courts are to deal with a post-removal attempt to join a non-diverse party. In so arguing, Defendants presume that the discretionary standard for joinder of non-diverse defendants under § 1447(e) applies to the amendments at issue even thought the FAC does **not** join any new defendants. This presumption is patently incorrect, ignoring relevant case law from this Court holding that Federal Rule of Civil Procedure 15(a) and **not § 1447(e)** governs the filing of the FAC under the facts here presented. Under Rule 15(a)(1), NMSB did **not** need leave of Court to file its FAC because it has not yet been served with a responsive pleading by either Defendant. In other words, the FAC is **not** procedurally defective, nor did NMSB act improperly when it filed the FAC.[1] Moreover, even if there were merit to Defendants' arguments, the factors considered by courts when determining whether to allow the post-removal joinder of a non-diverse defendant under § 1447(e) all weigh in favor of granting NMSB leave to file the FAC. Further, due process, principals of fairness and justice, and the strong judicial policy of liberally allowing amendment of pleadings so that cases can be heard on their merits rather than disposed of on procedural grounds all compel that NMSB be given the opportunity to move for leave to file the FAC before it is summarily stricken as being procedurally defective. In short, Defendants' motion to strike the FAC must be denied.

---

[1] Defendants complain that NMSB filed its FAC even though the Court "made clear its desire to hear WaMu's summary judgment motion *before* any other motions in the related cases" (Motion 1:3-10; emphasis in original). However, an amended pleading is not a motion, and it is WaMu who filed a motion to strike notwithstanding its understanding that the Court preferred not to see any more motions filed until the summary judgment motion had been heard.

**II.    DEFENDANTS' MOTION TO STRIKE THE FAC MUST BE DENIED**

    **A.    NMSB Was Not Required To Seek Leave Of Court To File The FAC**

Federal Rule of Civil Procedure 15(a)(1) provides that "… [a] party may amend its pleading once as a matter of course [] before being served with a responsive pleading[.]"  Here, it is beyond dispute that NMSB filed its FAC **before** either of the Defendants served it with a responsive pleading.  Indeed, Defendants have not yet filed answers in this case.  Huron Decl. ¶ 2.  Therefore, NMSB did not need the Court's approval (or Defendants' consent) to file its FAC when it did.  Rhoades v. Avon Products, Inc., 504 F.3d 1151, 1158 fn. 5 (9th Cir. 2007) (under Rule 15(a), plaintiff does not need leave of court to amend complaint before being served with a responsive pleading).  In other words, there is nothing procedurally defective about the FAC, and Defendants' accusations that NMSB somehow acted improperly in filing the FAC are unfounded.[2]

Defendants, however, argue that the filing of the FAC is governed by the somewhat more restrictive discretionary standard of § 1447(e) than by the permissive standard of Rule 15(a) because the amendments at issue destroy diversity jurisdiction.  Citing to Clinco v. Roberts, 41 F. Supp. 2d 1080, 1087-1088 (C.D. Cal. 1999), Defendants contend that a motion for leave to amend is therefore "… *required* so that a district court can 'scrutinize an attempted diversity-destroying amendment to ensure that it is proper … even if the amendment is attempted before a responsive pleading is filed.'"  Motion 5:10-13 (emphasis in original).  Defendants are **wrong**, and their reliance on Clinco, supra, is either badly misplaced or worse, deliberately misleading.

By its plain language, § 1447(e) does **not** apply here.  Section 1447(e) provides that "[i]f after removal the plaintiff seeks **to join additional defendants** whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." (Emphasis added.)  Here, in this case, the FAC does **not** seek to join St. Pierre as an "additional defendant."  Rather, St. Pierre has **always** been a defendant in this action.  He was

---

[2] Although NMSB's counsel did indicate during the December 19, 2007, hearing on NMSB's first motion to dismiss or stay the action that NMSB would seek leave to amend its complaint, those comments anticipated that Defendants shortly would be filing answers to the complaint.  They did not (nor have they yet), and thus Rule 15(a)(1) applied when the FAC was filed.  Huron Decl. ¶ 3.

1. named a defendant when this action was first filed in state court, he was a defendant at removal, and until a ruling on a motion causes his dismissal, he remains a defendant in this now federal court action. Accordingly, NMSB properly exercised its right under Rule 15(a) to file the FAC as to all defendants, including St. Pierre, who had not yet filed a responsive pleading.

Clinco, supra, does not hold otherwise. In that case, the district court determined that a post-removal amendment seeking to join a non-diverse party as a **new defendant** is governed by § 1447(e) and not by Rule 15(a), even if the amendment is made prior to the service of a responsive pleading. Clinco, supra, 41 F. Supp. 2d at 1087-1088. However, as explained above, this case does **not** involve the post-removal joinder of a completely new, non-diverse defendant, but rather an effort by NMSB to amend its complaint post-removal so as to state valid claims against a non-diverse defendant who was **already present** in the case but whom the Court had previously determined was a "sham" defendant for jurisdictional purposes because the negligent misrepresentation claim alleged against him in NMSB's original complaint appeared time-barred on its face. Specifically, NMSB amended its complaint in two very discreet ways: (1) it added a claim for fraud and deceit against St. Pierre that is not time-barred based on the same operative facts previously alleged, and (2) it added a comma to Paragraph 22 of the original complaint (Paragraph 20 of the FAC) in order to clarify the ambiguity in its original complaint regarding when NMSB first became aware of St. Pierre's misrepresentations and thereby make clear that its negligent misrepresentation claim against St. Pierre is not time-barred. In short, Clinco, supra, is **inapposite** here given there has been no post-removal joinder of a new, non-diverse defendant.[3]

---

[3] Lyster v. First Nationwide Bank Financial Corp., 829 F. Supp. 1163, 1165 (N.D. Cal. 1993), cited by Defendants for the general principal that a party may not employ Rule 15(a) to interpose an amendment that would deprive the court of jurisdiction over a removed action, likewise fails to support Defendants' motion to strike the FAC. While the defendants did file a motion to dismiss several causes of action alleged in the plaintiff's amended complaint in Lyster, supra, 829 F. Supp. at 1164, there is no discussion in that decision concerning whether § 1447(e) or Rule 15(a) governed the amended pleading and, in fact, the focus of the court's analysis was centered entirely on whether it could exercise federal question jurisdiction over the action given the plaintiff's allegations, not on the defendants' motion to dismiss which it simply denied as moot after granting the plaintiff's motion to remand. At any rate, as explained herein, Thornton v. New York Life Ins. (footnote continued)

Huron law group

**1**  Defendants nevertheless argue that, because St. Pierre was deemed to be a sham defendant,
**2** the foregoing amendments are the equivalent of "joining" St. Pierre to this action post-removal
**3** and, since a valid claim against St. Pierre would destroy diversity and require remand, whether the
**4** FAC may be filed therefore should be governed by the discretionary standard of § 1447(e) rather
**5** than by the permissive standard of Rule 15(a).  That same argument, however, was **rejected** by
**6** this Court, the Honorable Samuel Conti presiding, in Thornton v. New York Life Ins. Co., 211
**7** F.R.D. 606, 608-609 (N.D. Cal. 2002)—a case **directly on point** that Defendants failed to bring to
**8** the Court's attention in their moving papers.

**9**  Just like NMSB here, the plaintiff in Thornton, supra, originally filed her action in state
**10** court.  Thornton, supra, 211 F.R.D. at 607.  The defendants removed the action to federal court,
**11** arguing that the only non-diverse defendant was a sham defendant whose presence thus did not
**12** destroy diversity jurisdiction.  Id. at 208.  The court denied the plaintiff's motion to remand,
**13** finding that the non-diverse defendant was indeed a sham defendant who could be disregarded for
**14** purposes of determining jurisdiction because the plaintiff had failed to allege a valid claim against
**15** him.  Id.  Thereafter, the plaintiff filed a motion to amend seeking to add several allegations that
**16** would state a valid claim against the non-diverse defendant so that he would no longer be a sham
**17** defendant but rather a legitimate one.  Id.  The plaintiff further argued that if the motion to amend
**18** were granted, the case should be remanded back to state court.  Id.

**19**  In response, the Thornton defendants argued that since the amendments proposed would
**20** destroy diversity, § 1447(e)'s more restrictive standard for joining new parties governed rather
**21** than the permissive standard of Rule 15(a).  As noted above, this argument was soundly rejected
**22** by the Court which explained:

**23**  "… the plain language of the statute [i.e., § 1447(e)] indicates that it
**24**  does not apply.  Walsh [i.e., the non-diverse defendant] simply is not
**25**  an 'additional defendant.'  Plaintiff named him at the outset of this

---

**27** Co., 211 F.R.D. 606, 608-609 (N.D. Cal. 2002) is directly on point and holds that Rule 15(a), not § 1447(e), supplies the appropriate standard for this action.

**28**

-5-
OPPOSITION TO DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT

> action and has endeavored throughout the case to make him a party.
>
> This is not, as in other cases involving § 1447(e), a situation in which a plaintiff seeks to add a completely new party following removal. Instead, Plaintiff merely seeks to revise her pleading to add allegations substantiating already-made claims against an already-named party to the action. To prevent Plaintiff from doing this would effectively deny her the ability to revise her allegations—an opportunity the federal rules favor liberally granting—based upon a statutory rule intended to limit the introduction of new parties. [Citation omitted]." 211 F.R.D. at 608-609.

Here, just like the plaintiff in Thornton, supra, NMSB merely seeks to revise its pleading to add allegations substantiating already-made claims against an already-named party to the action (its fraud and deceit claim, although new, arises out of the same set of operative facts as those already alleged in NMSB's original complaint). Therefore, NMSB's effort to amend its complaint so as to turn a "sham" non-diverse party into a legitimate defendant, just like the plaintiff's similar effort in Thornton, is governed by the permissive standard of Rule 15(a) and not by the discretionary standard of § 1447(e). And, as shown above, under Rule 15(a)(1), NMSB was entitled as a **matter of right** to file its FAC without first obtaining Defendants consent or seeking leave of Court to do so. Therefore, Defendants' motion to strike the FAC must be denied.

### B. If Leave To Amend Was Required, Then NMSB Should Be Given The Opportunity To Seek Such Leave Before The FAC Is Stricken

Defendants next argue that the FAC should be stricken because the factors addressed by courts when determining whether to allow the post-removal joinder of non-diverse defendants under § 1447(e) purportedly weigh in favor of denying leave to amend. This argument fails. As shown above, **§ 1447(e) does not apply here**; rather, the filing of the FAC is governed by **Rule 15(a)** under which NMSB unequivocally had the right to file the FAC without first filing a motion to amend or seeking Defendants' consent. Consequently, there is **no reason** for the Court to address factors considered relevant under a § 1447(e) analysis when deciding whether or not the

FAC should be stricken as Defendants contend and, in fact, it would be **improper** for the Court to do so. However, if the Court nevertheless concludes that § 1447(e) does apply here and that a motion to amend should have been filed, then due process, the principals of fairness and justice, and the strong judicial policy favoring liberal amendment so that cases can be decided on their merits rather than disposed of on procedural grounds, all demand that NMSB be given the opportunity to bring such a motion before its FAC is stricken as being procedurally defective.

### C. The Factors To Be Addressed Under § 1447(e) When A Party Seeks To Join A Diversity-Destroying Defendant All Weigh In Favor Of Allowing The FAC

If, notwithstanding its prior holding in Thornton, supra, the Court determines that the filing of the FAC is governed by § 1447(e) as opposed to Rule 15(a), and further decides to consider the substantive merits of allowing the amendments at issue in the context of Defendants' motion to strike rather than giving NMSB an opportunity to file a motion for leave to amend, then the Court should address the following six factors: "(1) whether the new defendant should be joined under Fed.R.Civ.P. 19(a) as 'needed for just adjudication'; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." Palestini v. General Dynamics Corp., 193 F.R.D. 654, 658 (C.D. Cal. 2000).[4] As explained below, once these six factors are considered in light of the facts here presented, it becomes readily apparent that leave to file the FAC should be granted.

First, there is no merit to Defendants' argument that St. Pierre is not a necessary party to this action.[5] Defendants argue that St. Pierre is unnecessary because "... the dispute over the ASA,

---

[4] The repeated use of the phrase "new defendant" in the wording of the six factors to be addressed highlights the fact that § 1447(e) simply does not apply here given that the FAC does not add any new defendants to this case.

[5] Although whether a party is necessary is a factor to be considered, the standard for joinder under § 1447(e) "is less restrictive than the standard for joinder under Rule 19." IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000).

1  entered into by NMSB and WaMu, plainly can be adjudicated *without* St. Pierre … [and] NMSB
2  already seeks full recovery directly from WaMu and alleges St. Pierre was acting at all times
3  within the scope and course of his agency with WaMu." Motion 6:27-7:2.  These arguments are
4  without merit.  First, NMSB's claims arising out of the dispute between it and WaMu concerning
5  the proper interpretation of the ASA (i.e., the Additional Security Agreement) are **not** the only
6  claims alleged in the FAC; rather, the FAC also alleges claims for fraud and deceit and negligent
7  misrepresentation against St. Pierre.  Second, St. Pierre remains liable for his own torts regardless
8  of whether WaMu is also vicariously liable for such wrongful conduct, and therefore St. Pierre
9  remains subject to liability in a civil suit for the torts he committed against NMSB.  Shafer v.
10 Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone, 107 Cal. App. 4th 54, 68-69 (2003)
11 ("[a]n agent or employee is always liable for his own torts, whether his employer is liable or not.
12 In other words, when the agent commits a tort, such as … fraud …, then … the agent [is] subject
13 to liability in a civil suit for such wrongful conduct. [¶] [I]f a tortious act has been committed by
14 an agent acting under authority of his principal, the fact that the principal thus becomes liable does
15 not, of course, exonerate the agent from liability.") (Internal cites and quotation marks omitted).
16 Therefore, St. Pierre is a necessary party for purposes of joinder under § 1447(e).

17        Second, the statute of limitations would not preclude an original action against St. Pierre in
18 state court.  The statutes of limitations on NMSB's negligent misrepresentation claim and on its
19 fraud and deceit claim against St. Pierre are, respectively, two and three years.  Cal. Code Civ.
20 Proc. §§ 339, 338(d).  As NMSB did not discover the fraud and misrepresentations until sometime
21 **after** September 2005, neither of NMSB's claims against St. Pierre would be time-barred in state
22 court.  Consequently, this factor is neutral.

23        Third, it is undisputed that NMSB did not delay in amending its complaint.  Motion 7:18.
24        The fourth factor, whether joinder is intended solely to defeat federal jurisdiction, cannot
25 be said to weigh in favor of denying leave to file the FAC.  From day one when this action was
26 filed in state court, it has been NMSB's contention that federal jurisdiction over this case does **not**
27 exist because it raises only questions of state law and St. Pierre is a non-diverse defendant.  Even
28 though Defendants successfully contended that NMSB's negligent misrepresentation claim against

1 St. Pierre as alleged in the original complaint is time-barred on its face, that was the result of an
2 ambiguity in the allegations pled that the FAC corrects.  Absent that admittedly somewhat poor or
3 less than concise drafting, this action would still be in state court where it was originally filed.

4       Fifth, the claims asserted against St. Pierre in the FAC are valid.  NMSB's negligent
5 misrepresentation claim was never time-barred as Defendants contend, but only appeared to be so
6 because of an inadvertent error in pleading—a defect which the FAC corrects.  Moreover, there is
7 no merit to Defendants' contention that the FAC fails to allege sufficient facts "supporting the
8 element of falsity, which must be pled with specificity for both the negligent and intentional fraud
9 claims."  Motion 7:27-8:1.  As an initial matter, knowledge of falsity is **not** an element of a claim
10 for negligent misrepresentation.  OCM Principal Opportunities Fund v. CIBC World Markets
11 Corp., 157 Cal. App. 4th 835, 840 (2007).  Further, the FAC does allege sufficient facts to show
12 Defendants' knowledge that the representations St. Pierre made to NMSB regarding how the funds
13 deposited with WaMu would be invested were false.  For example, the FAC alleges facts showing
14 that NMSB wanted assurances from Defendants that it would have the ability to direct how WaMu
15 invested at least a portion of the funds deposited because the potential sum to be deposited greatly
16 exceeded NMSB's indebtedness to WaMu (FAC ¶ 55) and that Defendants gave those assurances
17 with the intent of inducing NMSB to enter into the Additional Security Agreement (FAC ¶¶ 13-
18 14) because WaMu directly benefits from forcing NMSB to keep all of the deposited funds in
19 WaMu's deposit accounts because, among other things, the money is considered part of its assets
20 for regulatory and lending purposes.  FAC ¶ 22.  These and other facts alleged in the FAC are
21 sufficient to plead the requisite knowledge of falsity.

22       Sixth, and finally, denying NMSB leave to file its FAC would be prejudicial to NMSB.  It
23 would require NMSB to either abandon its claims against St. Pierre or to commence litigation in
24 state court against St. Pierre while this duplicative case is still pending, thereby forcing NMSB to
25 litigate its related claims in two different forums.  On the other hand, allowing NMSB to file its
26 FAC would not prejudice Defendants, except in the choice of forums, because this case is still in
27 its infancy; indeed, it is not even at issue yet.
28 ///

-9-
OPPOSITION TO DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT

1  In short, even if the discretionary standard of § 1774(e) applies here (which it does not), all
2  the factors to be considered by the Court in exercising that discretion weigh in favor of granting
3  NMSB leave to file its FAC.  Therefore, Defendants' motion to strike the FAC must be denied.
4
5  **III.   CONCLUSION**
6  Defendants contend that the amendments embodied in the FAC would destroy diversity
7  jurisdiction thereby providing a basis for remand, and hence the FAC must be stricken as
8  procedurally improper under § 1447(e) because MNSB did not seek leave to amend the FAC or
9  obtain Defendants' consent thereto.  While Defendants are absolutely correct on the first point,
10 they are decidedly wrong on the latter one.  As shown above, **§ 1447(e) does not apply here** since
11 St. Pierre has **always** been a non-diverse defendant in this lawsuit.  Rather, as the Court's decision
12 in Thornton, supra, makes crystal clear, **Rule 15(a) governs** the filing of the FAC and, under Rule
13 15(a)(1), NMSB was entitled to file the FAC without first seeking leave of Court or Defendants'
14 consent because Defendants have yet to serve NMSB with responsive pleadings.  Accordingly, it
15 would be improper to apply the factors considered under a § 1447(e) analysis to the filing of the
16 FAC and, even if those factors are applied, they weigh in favor of granting leave to file the FAC.
17 Accordingly, Defendants' motion to strike the FAC must be denied.
18
19 DATED: January 30, 2008           HURON LAW GROUP
20
21                                   By: */s/ Jeffrey Huron*
                                         JEFFREY HURON
22                                       Attorneys for Defendants NMSBPCSLDHB,
                                         GRANUM FAMILY TRUST, and ROBERT M.
23                                       GRANUM, II
24
25
26
27
28

-10-
OPPOSITION TO DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT

**DECLARATION OF JEFFREY HURON**

I, Jeffrey Huron, declare as follows:

1. I am an attorney at law duly licensed to practice law in the State of California and before all of its Courts. I am a partner in the law firm of the Huron Law group, attorneys of record herein for plaintiff NMSBPCSLDHB ("NMSB"). I have personal knowledge of the following facts and, if called upon to do so, could and would competently testify thereto.

2. As of the date I signed this Declaration, neither defendant Washington Mutual Bank ("WaMu") nor defendant Mark St. Pierre ("St. Pierre") has filed an answer or other responsive pleading in this case.

3. During the December 19, 2007, hearing on NMSB's first motion to dismiss or stay this action, I indicated during oral argument that NMSB would seek leave to amend its complaint. However, at the time I made those comments, I anticipated that WaMu and/or St. Pierre would shortly be filing an answer. They did not do so, and therefore Federal Rule of Civil Procedure 15(a) applied when NMSB's First Amended Complaint (the "FAC") was filed and it is my understanding that NMSB therefore did not need to seek leave of Court or Defendants' consent to file the FAC.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 30th day of January 2008 in Los Angeles, California.

*/s/ Jeffrey Huron*
JEFFREY HURON

-11-
OPPOSITION TO DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1875 Century Park East, Suite 1000, Los Angeles, California 90067.

On January 30, 2008, I served the following document(s) described as **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Gregory N. Dolton, Esq. | Peter S. Hecker, Esq. |
| Gregory N. Dolton, Attorney at Law | Anna S. McLean, Esq. |
| 708 Blossom Hill Road, No. 208 | Casey K. Smith, Esq. |
| Los Gatos, CA  95032 | HELLER EHRMAN LLP |
| | 333 Bush Street |
| | San Francisco, Ca  94104-2878 |

**BY MAIL:** I am "readily familiar" with Huron law group's practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

**BY FACSIMILE:** I caused said document(s) to be transmitted by facsimile. The telephone number of the sending facsimile machine was 310.772.0037. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 30, 2008, at Los Angeles, California.

*/s/ Stephanie du Tan*
Stephanie du Tan